■ In the Matter of Ralph J. Ciminera, Appellant, against Henry A. Sahm et al., Constituting the Town Board of North Hempstead, County of Nassau, et al., Respondents.— In a proceeding to compel the enforcement of an " Ordinance Relating to Sand Bank and Pit, Topsoil Removal, and Other Excavations " and for other relief, the appeal is from an order granting a motion to dismiss the petition as a matter of law. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs, with leave to respondents, if they be so advised to interpose an answer within 10 days after the entry of the order hereon. A motion to dismiss the petition in an article 78 proceeding, before answer, is in the nature of a demurrer, and only the petition may be considered. Affidavits alleging new matter constituting a defense may not be

considered; such a defense must be asserted by way of answer (*Matter of Berlingieri* v. *O'Connell*, 3 A D 2d 762). The petition herein is sufficient on its face. The court "can require, but cannot control, the exercise of judgment or discretion" by the town officials under the ordinance (10 Carmody on New York Practice, § 544; *Southern Leasing Co.* v. *Ludwig*, 217 N. Y. 100; High on Law of Injunctions [4th ed.], § 28). Wenzel, Murphy and Ughetta, JJ., concur; Nolan, P. J., dissents and votes to affirm, with the following memorandum: I am unable to concur in the conclusion that the petition is sufficient on its face. An order under article 78 of the Civil Practice Act, in the nature of mandamus, means a command to do a specific thing or suffer the consequences of contempt proceedings. It is not the means provided by law to reach the situation described in appellant's petition. Such an order is used to enforce an administrative act positively required to be done by a provision of law. It is not used for the purpose of preventing third parties from doing illegal acts. Neither will a proceeding in the nature of mandamus lie to compel a general course of official conduct, as it is impossible for a court to oversee the performance of such duties. Nor may it be used as a substitute for an action under section 51 of the General Municipal Law to require public officers to answer for waste or injury to public property or funds. (Cf. *Matter of Walsh* v. *La Guardia*, 269 N. Y. 437; *Matter of International Ry. Co.* v. *Schwab*, 203 App. Div. 68; *People ex rel. Clapp* v. *Listman*, 40 Misc. 372.) Beldock, J., concurs with Nolan, P. J. [See *post*, p. 835.]