■ ALEXANDER A. PANSA et al., Respondents, v. CHESTER SITRIN, Respondent, and CITY OF UTICA, Appellant.— Order unanimously reversed, without costs, and motion granted, without costs. Memorandum: Special Term has denied a motion by defendant city for dismissal of the complaint and the cross claim asserted in the answer of the defendant Sitrin, made on the ground that each fails to state a cause of action. The complaint alleges that plaintiffs are owners of residential property in the City of Utica which is zoned A-2 two-family dwelling district (facing Rose Place) and that defendant is the owner of abutting property which contains a multiple story commercial building and which is zoned C-Commercial (facing Genesee Street on the corner of Rose Place); that the Department of Buildings and Housing of the defendant city granted a building permit to defendant Sitrin authorizing the erection of an addition to the rear of Sitrin's building toward plaintiffs' property; that said permit

was illegally granted in violation of the zoning ordinance; that despite protest by plaintiffs the addition has been constructed and is being maintained and used in violation of the zoning ordinance, thereby creating a nuisance which defendant city has not attempted to abate; that plaintiffs have suffered and will continue to suffer irreparable damage unless Sitrin is compelled to comply with the zoning ordinance. Plaintiffs, alleging they have no adequate remedy at law, seek relief directing Sitrin to demolish the building, directing the city to abate the nuisance and requiring both defendants to pay money damages. Defendant Sitrin's answer, among other things, sets forth a cross claim against the city in which it is alleged that if judgment is rendered in any form against Sitrin because of the occurrences alleged in the complaint then the damages which he will sustain will have been caused solely by the primary and active fault and negligence of defendant city, and therefore seeks judgment over against the city in the event plaintiffs recover a judgment against him. Insofar as plaintiffs seek damages from defendant city for the wrongful issuance of the building permit, and Sitrin seeks judgment over against the city for any judgment rendered against it in favor of plaintiffs, the decision in *Rottkamp* v. *Young* (21 A D 2d 373) which was affirmed by the Court of Appeals for the reasons stated in the opinion at the Appellate Division (15 N Y 2d 831), requires a reversal of the order below and a dismissal of the complaint. That case holds that the granting of a building permit is an exercise of a governmental function for which no liability falls upon the city. Insofar as plaintiffs seek a mandatory injunction compelling the city to abate the alleged nuisance and enforce the zoning ordinance, plaintiffs have an adequate remedy against Sitrin which they are pursuing in this action. (*Marcus* v. *Village of Mamaroneck*, 283 N. Y. 325; Anderson, Zoning Law and Practice in New York State, § 23.07; see, also, *Graceland Corp.* v. *Consolidated Laundries Corp.*, 7 A D 2d 89, affd. 6 N Y 2d 900.) For that reason, the mandatory relief sought against the city is unnecessary (see *Heagen* v. *Borough of Allendale*, 42 N. J. Super. 472). (Appeal from order of Oneida Special Term, denying motion to dismiss complaint and cross claim.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.