■    In the Matter of SUN OIL COMPANY, Appellant, v. ALDEN YOUNG et al., Constituting the Town Board of the Town of Riverhead, Respondents.— In a proceeding pursuant to article 78 of the CPLR to annul a determination of respondent Town Board, made October 20, 1970, denying petitioner's application for a special permit to operate a gasoline service station, petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered March 10, 1971, which dismissed the petition. Judgment reversed, on the law, without costs, and proceeding remanded to Special Term for hearing and determination as to the reasonableness of the determination of respondent Town Board in denying petitioner's application for a special exception within the guidelines set forth in *Matter of Lemir Realty Corp.* v. *Larkin* (10 A D 2d 1005, affd. 11 N Y 2d 20). Contrary to the assumption of both parties, the enactment of the one-half mile ordinance by the local legislative body did not deprive it of its broad plenary powers to consider other factors in acting upon the application (*Matter of 4M Club* v. *Andrews,* 11 A D 2d 720). The ordinance while not unconstitutional per se, may have been unconstitutionally applied in the instant case if on all the facts and circumstances such application may be said to have been arbitrary, capricious and unreasonable. Since under the rule adopted in the first *Lemir* case, which involved only the pleadings (*Matter of Lemir Realty Corp.* v. *Larkin*, 8 A D 2d 970), it is unnecessary for a town board to substantiate its decision with findings in the first instance, it actually becomes necessary to bring the case into court to examine into the question of reasonableness. The proper method for doing so is an article 78 proceeding (*Matter of Rothstein* v. *County Operating Corp.,* 6 A D 2d 711, affd. 6 N Y 2d 728). The function of a town board in acting on a special exception application is neither strictly administrative nor legislative, but something in between which is, however, subject to review by the court (*Matter of Hempturn Realty Corp.* v. *Larkin,* 197 N. Y. S. 2d 644; Matter of *Green Point Sav. Bank* v. *Board of Zoning Appeals of Town of Hempstead,* 281 N. Y. 534 [note: In spite of its title, the latter case involved the power of a town board]). Applying these principles to the instant case, it follows that

the hearing should address itself to the broad question of reasonableness without being bound by the one-half mile distance requirement of the ordinance. Hopkins, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.