In the Matter of HIGHLAND BROOKS APTS., INC., Petitioner, *v.* ROBERT E. WHITE et al., Constituting the Zoning Board of Appeals of the City of Auburn, et al., Respondents.

Fourth Department, December 12, 1972.

*Shamon & Lewis* (*Robert P. Lewis* of counsel), for appellant.

*Milan M. Durgala* for respondents.

CARDAMONE, J.  In this article 78 proceeding, petitioner-appellant, Highland Brooks Apartments, Inc. (Highland Brooks) seeks review of a denial by the respondent Zoning Board of Appeals of the City of Auburn (Board) of its application for a special use permit.

Highland Brooks is the owner of an irregularly shaped triangle of land consisting of approximately nine acres on the south side of Franklin Street in the City of Auburn, Cayuga County, adjacent to the Town of Sennett.  The land is hilly in places and part of the property is not amenable to any type of development. Highland Brooks made application to the Board for a special use permit to erect six apartment buildings each containing 16 units to be located on the northeast and central portions of the property.  The Auburn City Planning Board, which under the zoning ordinance " shall in the case of Special Uses determine compliance with the standards set forth in the Zoning Ordinance " (Zoning Ordinance, City of Auburn, § 7.302), recommended approval as did the Cayuga County Planning Board whose approval was required under section 239-m of the General Municipal Law.

The Board held a public hearing on January 24, 1972 at which appellant's architect testified as to the nature of the proposed apartment buildings and appellant's real estate expert testified as to the effect these proposed units might have on the surrounding properties.  The property is located in a R-1 Zone bordered on one side by single-family homes and by a private golf course on the other two sides.  An attorney representing property own-

ers in the vicinity testified in opposition to the issuance of the special use permit.

In denying the application the Board made the following findings:

"(1) The granting of the special use would cause substantial injury to the value of nearby properties.

"(2) The density, size and nature of the project is not compatible with the character of the adjoining properties.

"(3) The preliminary plans, topography and contour of the land involved do not lend itself to the area and as such the proposed integrated site plan is not designed to benefit neighboring properties."

The issuance of special use permits is provided for generally in section 4.202 of the Zoning Ordinance[1] and the applicable standards governing this particular use are set forth in Use Class 13 which provides that "Such residential large scale developments may be permitted by the Board for the purpose of encouraging a flexibility of design which will result in an integrated site plan designed to benefit the residents or occupants of such development and of neighboring properties". There are eight (a. through h.) detailed conditions which must be met, to wit, the average area (square feet) required in a garden apartment per dwelling unit in a R-1 Zone, demonstration that a market exists for the proposed development, proof of adequate traffic and parking facilities, drainage for storm waters, sewage facilities, lighting, adequacy of light, air and open space and suitable play areas per dwelling unit. The record in this proceeding reveals that all of the required conditions set forth in the zoning ordinance relating to the issuance of this special use permit have been met.

The Board's power is limited in this kind of case to determining whether an applicant for a special use permit meets the standards recited in the zoning ordinance because "The inclusion of the permitted use in the ordinance is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood [citations omitted] " (Matter of North Shore Steak House

---

1. It reads: "A special use shall not cause substantial injury to the value of other property where it is to be located; shall conform with regulations applicable to the district where located; shall be compatible with adjoining developments; shall provide adequate landscaping and screening to protect adjoining areas; shall provide off-street parking and loading so as to minimize interference with traffic on the local streets and shall not jeopardize the public health, safety, welfare and convenience."

v. *Board of Appeals of Inc. Vil. of Thomaston,* 30 N Y 2d 238, 243).

The findings upon which the Board based its denial of this application are not factually supported in the record. The Board is required to state the facts upon which its decision is based (*Matter of Collins* v. *Behan,* 285 N. Y. 187; *Matter of Ennis* v. *Crowley,* 12 A D 2d 999; Anderson, Zoning Law and Practice in New York State, § 20.12, § 20.25 (pp. 655, 688) and the determination cannot be sustained unless the evidence in the record supports the Board's conclusions (*Matter of Shane* v. *Kern,* 31 A D 2d 654). The testimony of the attorney representing other property owners in the neighborhood amounted to no more than conclusory statements which should be entirely disregarded (*Matter of Barry* v. *O'Connell,* 303 N. Y. 46, 51; *Matter of Golisano* v. *Town Board of Macedon,* 31 A D 2d 85), and if the Board purported to act upon the personal knowledge of its members, such facts of which the members had personal knowledge were not disclosed in the record and hence provide no basis for review by this court (*Matter of Holmes & Murphy* v. *Bush,* 6 A D 2d 200).

Generally, courts will not interfere with a determination of a Zoning Board since special use disputes are best '' resolved by the ' common-sense judgments ' of ' representative citizens doing their best to make accommodations between conflicting community pressures ' '' (*Matter of Lemir Realty Corp.* v. *Larkin,* 11 N Y 2d 20, 25). However, absent any support in the record for the conclusions reached by the Board in denying an application for a special use permit, its determination must be deemed arbitrary and capricious (*Matter of North Shore Steak House* v. *Board of Appeals of Inc. Vil. of Thomaston,* 30 N Y 2d 238, 245, *supra*; 67 N. Y. Jur., Zoning and Planning Laws, § 340).

Since Highland Brooks has presented virtually uncontroverted and sufficient proof of compliance with the ordinance to justify the issuance of a special use permit by the Board, its denial should be annulled and the Board should issue the permit subject to reasonable conditions contained in the ordinance which it deems appropriate.

DEL VECCHIO, J. P., MARSH, WITMER and MOULE, JJ., concur.

Determination unanimously annulled with costs, petition granted and matter remitted to the Zoning Board of Appeals for further proceedings in accordance with opinion by CARDAMONE, J.