In the Matter of HERMAN FRIED et al., Respondents, v EUGENE J. Fox, as Corporation Counsel of City of Yonkers, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel appellants, officials of the City of Yonkers, to enforce the city's zoning laws, the appeal is from a judgment of the Supreme Court, Westchester County, dated September 3, 1974 which, *inter alia,* directed them to enforce the said zoning laws. Judgment reversed, on the law, without costs, and petition dismissed. No questions of fact were considered on this appeal. Petitioners, all homeowners in a residentially zoned area in the City of Yonkers, instituted this proceeding to compel appellants, various officials of the City of Yonkers, to enforce the zoning laws against certain property owners. The latter were not made parties to this proceeding. The petition alleges that those property owners, who own businesses in a commercial zone, were using the rear of their premises, portions of which were in a residential zone facing petitioners' homes, in violation of the Zoning Ordinance of the City of Yonkers for the parking of commercial vehicles and for the storage of junk and other metal objects, and that this violation of the ordinance had caused a diminution of petitioners' land values. The petition indicates that petitioners, all neighbor-

ing landowners, have not chosen to pursue an action for injunctive relief against the private property owners who were allegedly in violation of the zoning ordinances. The petition further alleges that, other than the institution of a contested criminal proceeding against one of the property owners for violation of the city's zoning laws, which proceeding is still pending, the city officials have refused and failed to enforce alleged violations of the zoning laws by these property owners. Appellants moved to dismiss the petition on the ground that it failed to state facts sufficient to entitle petitioners to the relief sought. Upon the denial of that motion, appellants served their answer. Special Term, without a hearing, granted the petition, and directed appellants to enforce the zoning laws and to erect a "suitable barrier" across the lots in question. In our view, Special Term erred in granting the relief requested by petitioners. It has long been held that mandamus is a drastic and extraordinary remedy and lies only to compel the performance of an official duty clearly imposed by law where there is no other adequate specific remedy and where the duty is positive and not discretionary (*Matter of Burr v Voorhis,* 229 NY 382, 387). In the case at bar, petitioners have not, as required, exhausted other available legal remedies (see *Matter of Walsh v La Guardia,* 269 NY 437). Petitioners have an adequate remedy by bringing an action for an injunction against the property owners who are allegedly violating the zoning ordinance (see *Pansa v Sitrin,* 27 AD2d 636). Indeed, the record indicates that prior to initiating the instant proceeding, petitioners sought an injunction against the adjoining landowners by means of an order to show cause and that their application was denied solely on the ground that it was not made in a pending action because they had served neither a summons nor a complaint. Moreover, the zoning ordinance does not impose a clear and positive duty on appellants to remove all violations of the zoning laws. The decision by city officials to enforce any of the myriad zoning violations existing in a given municipality must, of necessity, be left to the discretion of these officials. "Mandamus is used to enforce an administrative act positively required to be done by a provision of law. It is not used for the purpose of preventing third parties from doing illegal acts" (see *Matter of Walsh v La Guardia, supra,* p 441; *Cortellini v City of Niagara Falls,* 257 App Div 615). Finally, there is no allegation here of any illegal acts which would "result in the waste of public funds or are so flagrant and numerous as to be injurious to the public welfare" (*Cortellini v City of Niagara Falls, supra,* p 617; cf. *Matter of Ciminera v Sahm,* 4 AD2d 749, affd 4 NY2d 400, where a motion to dismiss a petition seeking an order of mandamus against certain officials of the Town of North Hempstead to enforce a specific zoning ordinance was denied; the petition in *Ciminera,* however, alleged that the township was losing $60,000 annually due to the failure of the town officials to collect license fees as required by the ordinance). Hopkins, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.