■ MOBIL OIL CORPORATION, Respondent, v CITY OF SYRACUSE et al., Appellants.—Judgment unanimously affirmed, with costs. Memorandum: On June 4, 1973 the Common Council of the City of Syracuse, upon the recommendation of the city planning commission, granted petitioner a special use permit to construct a self-service gasoline filling station on the

corner of Onondaga Boulevard and Velasko Road. In so doing it provided that construction must be completed within one year. Because of the national oil shortage at that time, petitioner was unable to obtain Federal fuel allocations for the proposed station and so on March 29, 1974 it applied to the planning commission for an extension of the one-year completion period. The planning commission denied petitioner an extension and suggested that another application be filed at a later date. On September 19, 1974 petitioner reapplied but this time the commission did not recommend approval to the common council stating as its reason the possibilities of traffic congestion in the area and future fuel shortages. Petitioner thereupon instituted a special proceeding under article 78 of the CPLR and on March 20, 1975 obtained an order directing the planning commission to approve the application. On April 29, 1975, pursuant to the court's direction, the application was approved and sent to the common council for a hearing. Such hearing was held on June 16, 1975, following which the council voted to deny petitioner's application notwithstanding approval by the planning commission. Traffic congestion and area drainage problems were stated as reasons. Petitioner then instituted another article 78 proceeding and on September 10, 1975 obtained a judgment directing that its application be approved by the council. That judgment should be affirmed. The approval or denial of an application for a special use permit is an administrative rather than a legislative function and the action of a legislative body in denying such a permit is subject to judicial review under article 78 of the CPLR (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238; *Todd Mart v Town Bd. of Town of Webster,* 49 AD2d 12). A special use permit differs from a variance in that the former contemplates a use expressly permitted by a particular zoning ordinance while the latter is authority to use property in a manner which is otherwise forbidden. The burden of proof on an applicant for a special use permit is much lighter than for a variance and requires only a showing of compliance with conditions imposed to minimize its impact on the surrounding area (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, supra*). Here there is no question but that petitioner has complied with the conditions imposed by the city to minimize impact on the surrounding area. Its prior approval of the application is evidence of that fact. Furthermore, based upon the testimony adduced at the June 16, 1975 hearing, the city's reasons for denying the permit, even if valid, were not supported by substantial evidence (CPLR 7803, subd 4). (Appeal from judgment of Onondaga Supreme Court in article 78 proceeding to annul determination denying special permit.) Present—Marsh, P. J., Moule, Cardamone, Simons and Dillon, JJ.