■ In the Matter of C & G DEVELOPERS, INC., Appellant, v ARMAND A. GRANITO, et al., Constituting the BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Hempstead which, after a hearing, denied petitioner's application for a special exception permit, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered October 27, 1975, which dismissed the petition on the merits. Judgment affirmed, with costs. On the record on this appeal, we cannot say that there was no evidence of an adverse impact on adjoining or neighboring properties, or that the board of zoning appeals, in denying the application, acted arbitrarily (see *Matter of Suddell v Zoning*

*Bd. of Appeals of Vil. of Larchmont,* 36 NY2d 312). Petitioner's reliance upon the case of *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston* (30 NY2d 238, 244) is misplaced. The Court of Appeals therein held that it was patently inconsistent for the zoning board to find that the proposed extension of petitioner's parking lot was not " 'in harmony with the general purpose and intent of the zoning plan' ", where such an extension was expressly provided for, on a permissive basis, in the zoning ordinance. This does not mean, as petitioner suggests, that there is, a fortiori, no adverse affect on neighboring properties. Indeed, the Court of Appeals went on, in the *North Shore Steak House* case, to find that there was no basis for the conclusion that property values would be adversely affected, that traffic in the area would be greatly increased, or that noise levels would rise. Hopkins, Acting P. J., Margett, Damiani and Hawkins, JJ., concur; Titone, J., concurs in the result, with the following memorandum: In my opinion the determination of the board of zoning appeals is only supported by its finding that "the sidewalk is narrow at the proposed store, that children tend to loiter at such an installation, and will present many difficulties to the shopping public as well as finding themselves in danger from vehicles in the parking area." There is no basis in the record herein for the board's other findings.