■  In the Matter of Mobil Oil Corporation, Appellant, v Robert Oaks et al., Constituting the Town Board of the Town of Henrietta, Respondents. —Judgment unanimously affirmed, without costs, Simons, J., not participating. Memorandum: Petitioner, Mobil Oil Corporation, appeals from a judgment in an article 78 proceeding which sustained the determination of respondent, Town Board of Henrietta, denying the grant of a special permit to petitioner. Mobil, owner of a gasoline service station on the southeast corner of Lehigh Station Road and East Henrietta Road in the Town of Henrietta, Monroe County, had sought a special permit to construct a gasoline service station upon a parcel of land situate on the northeast corner of said intersection. The subject property lies within an "A" commercial district. Subdivision (2) of section 39-13 of the Henrietta Zoning Ordinance permits gasoline filling stations in "A" commercial districts subject to the particular requirements of section 39-31 of the zoning ordinance and provided that the applicant obtain a special permit from the town board following a public hearing. Section 39-13 of the Henrietta Zoning Ordinance allows gasoline filling stations in "A" commercial districts provided a special permit be granted pursuant to the requirements of section 39-31 and section 39-35 of the ordinance. Section 39-31 contains many restrictions on the issuance of a special use permit for a filling station. It sets forth building set-back provisions, approach driveways, signs, lot size and curb requirements (§ 39-31, subd [a]); and fuel and gasoline pump set-back requirements (§ 39-31, subd [b]). In addition section 39-35 of the zoning ordinance provides the town board guidance in making its determination whether to grant or deny a special permit. Among the six standards to be met before a special use permit may be issued, the town board must determine "whether the proposed use will be in harmony with the existing and probable future development of the neighborhood in which the premises is situated" (Henrietta Zoning Ordinance, § 39-35, subd [c]). Following the public hearing the town board denied the application for a special permit citing four separate and distinct reasons. Special Term found two of the reasons not supported by substantial evidence and a third placed an additional burden on the applicant not required by the ordinance. Special Term, however, concluded that finding numbered "2", i.e., the transfer of operations will have a disturbing influence upon the existing and probable character of the area, to be a proper consideration, supported by substantial evidence and sufficient for the denial of the special permit. We agree. The approval or denial of an application for a special use permit is an administrative rather than a legislative function and the action of the town board in denying such a permit is subject to judicial review under CPLR article 78 *(Mobil Oil Corp. v City of Syracuse,* 52 AD2d 731). A special use permit differs from a variance in that the former contemplates a use expressly permitted by a particular zoning ordinance while the latter is authority to use property in a manner which is otherwise forbidden. Thus, when the ordinance sets forth conditions to be met before a special permit will issue, the burden of proof on an

applicant requires a showing of compliance with the conditions and the board's power is limited to determining whether an applicant for a special use permit meets the standards recited in the zoning ordinance. Mobil contends that the inclusion of a permitted use in an ordinance, subject only to a special permit, indicates that the use is in harmony with the neighborhood. Petitioner's reliance upon *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston* (30 NY2d 238) and *Matter of Highland Brooks Apts. v White* (40 AD2d 178) is misplaced. In those cases the use sought by the applicant was a permitted use in the zoning district provided there existed compliance with certain enumerated conditions. In those cases there was a pre-established legislative finding that the requested use was in harmony with the general zoning plan, and the issue was, therefore, limited to whether the applicant had sufficient proof of compliance with the enumerated conditions. Such is not the case here. As enacted, the Henrietta Zoning Ordinance does not contain a legislative finding that since a gasoline filling station is a permitted use in an "A" commercial district, provided a special permit be obtained, it is per se in harmony with the general zoning plan. Rather, as can be seen from section 39-35(c) of the ordinance, the Legislature left for the body which was to determine whether a special permit should issue to consider whether "the proposed use will be in harmony with the existing and proposed future development of the neighborhood in which the premises is situated" (see *Matter of C & G Developers v Granito*, 53 AD2d 612). Courts will not generally interfere with the town board's determination in a zoning dispute, since these matters are best "resolved by the 'common-sense judgments' of 'representative citizens doing their best to make accommodations between conflicting community pressures'" (*Matter of Lemir Realty Corp. v Larkin*, 11 NY2d 20, 25). This rationale is particularly apt in a case such as this where to interfere would be to ignore the important ingredient of flexibility which the town board plainly reserved to itself when it enacted the Henrietta Zoning Ordinance (see *Todd Mart v Town Bd. of Town of Webster*, 49 AD2d 12, 19). The Henrietta Town Board made detailed findings based in part upon a comprehensive although not formally adopted plan. The findings are supported by substantial evidence which demonstrates that moving the gasoline service station to the northeast corner of the intersection would not be in harmony with the present or probable future development of the lands immediately adjoining the proposed site (*Philanz Oldsmobile v Keating*, 51 AD2d 437). (Appeal from judgment of Monroe Supreme Court—article 78.) Present— Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ.