■ EDWIN R. MORROW, Respondent, v DIANE M. MORROW, Appellant. (Appeal No. 1.)—Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: The defendant, Diane M. Morrow, appeals from portions of a judgment of divorce entered January 24, 1977 in Supreme Court, Oneida County, and from an order modifying such judgment entered June 22, 1977. The judgment

granted the parties a mutual divorce; awarded custody of the oldest child, who is 18 years of age, to the plaintiff husband; awarded custody of the other three children, who are 17, 16 and 15 years of age, to the mother; awarded exclusive possession of the marital residence to the defendant wife; and directed plaintiff to pay to defendant for the support and maintenance of the children in her custody $150 each week, such amount to be reduced to $120 per week or $40 per child upon the sale of the marital residence. The judgment further provided that the $40 payment for each child is to cease upon each child's reaching 18 years of age and also awarded defendant $250 in counsel fees. Sometime subsequent to entry of judgment, the plaintiff was notified by the bank holding the mortgage on the marital residence that there was a four-month arrearage in mortgage payments. Plaintiff arranged to make payments of $100 per week on such arrearage and through his attorney notified defendant's attorney that it was his intention to withhold $100 per week from his support payments in order to make the payments on the mortgage arrearage. Plaintiff then petitioned Supreme Court for modification of the judgment, requesting that the court direct the immediate sale of the marital residence, division of the net proceeds of the sale and reduction of the support payments to $120 per week. The court declined to order sale of the marital residence but directed plaintiff to withhold $100 per week from the weekly support payments in order to clear up the mortgage arrearage and to continue to deduct $100 per week from the support payments in order to make all future mortgage payments. The court further ordered plaintiff to pay "the balance over and above the mortgage payment" to defendant for support of the three children in her custody. Defendant appeals from the judgment, as so modified, contending that the award of child support is "patently inadequate" given the children's needs and the father's circumstances. She contends further that the award of counsel fees is inadequate. Keeping in mind that we must consider the available income and assets of both parents (Domestic Relations Law, § 240) and recognizing "a more equitable and less discriminatory approach to economic responsibility between men and women who divorce [citations omitted]" *(Kay v Kay,* 37 NY2d 632, 637), we find that the judgment as modified places an undue financial burden on the defendant and makes it almost impossible for her to maintain the marital residence and provide for her children and herself on her meager income ($90 per week net) plus the support payments. We agree with the court's decision in ordering the husband to continue making the mortgage payments amounting to $309 per month and also agree that the imposition of such burden warrants a reduction in child support payments. However, we feel that a specific award of $30 per week per child is reasonable under the circumstances presented here, such payment to continue until each child reaches the age of 18 years. The financial impact of such determination will leave each of the parties with a comparable amount of spendable income per month which, inasmuch as the defendant has three of the children to support, seems a more equitable resolution. With respect to the award of counsel fees, although the amount allowed by the court is somewhat low, the evidence indicates that the defendant withdrew a fairly substantial amount of money from a joint savings account and has a small income of her own. Consequently, her assumption of a portion of her own counsel fees appears reasonable (Domestic Relations Law, § 237; *Sterlace v Sterlace,* 52 AD2d 743). Her application for counsel fees for this appeal is similarly denied. (Appeal from judgment of Oneida Supreme Court—divorce.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.