■ EDWIN R. MORROW, Respondent, v DIANE M. MORROW, Appellant. (Appeal No. 2.)—Order unanimously modified in accordance with same memorandum as in *Morrow v Morrow* (62 AD2d 1142) and, as modified, affirmed, without costs. (Appeal from order of Oneida Supreme Court—modify judgment of divorce.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.

■ In the Matter of GARY L. SILVERNAIL, Appellant, v FRANK A. RAGO et al., Constituting the Zoning Board of Appeals of the Town of Onondaga, Respondents.—Judgment unanimously affirmed, without costs, without prejudice to a new application showing elimination of objectionable conditions. Memorandum: Special Term dismissed the petition for annulment of the determination of the zoning board of appeals denying petitioner's application for a special exception permit to use his 31.4 acre parcel of land for public riding stables. The board made several findings or reasons for its action, including that petitioner's corral generates noise, dirt and odors and in wet seasons the runoff therefrom pollutes private wells used for water supply in the area, and that petitioner has offered no plan to obviate such conditions. Findings in support of zoning board action must, of course, be supported by facts in the record *(Matter of T. J. R. Enterprises v Town Bd. of Town Southeast,* 50 AD2d 836). Although petitioner contends that this record does not support the board's findings, the minutes of the hearing show that three witnesses gave testimony supporting the findings. The ordinance in this case provides for the issuance of special exception use permits of the character sought by petitioner in this residential district, and so respondents were required to grant the permit unless they had reasonable grounds for denying it *(Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028; *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 243-245). The determination of the facts is for the administrative body and not for the courts *(Matter of Lemir Realty Corp. v Larkin,* 11 NY2d 20, 25); and since there are facts in the record to support the board's determination, Special Term properly dismissed the petition *(Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead,* 43 NY2d 801; *Matter of Mobil Oil Corp. v Oaks,* 55 AD2d 809; *Matter of C & G Developers v Granito,* 53 AD2d 612). (Appeal from judgment of Onondaga Supreme Court—art 78.) Present —Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.