CHEM-TROL POLLUTION SERVICES, INC., Respondent, v BOARD OF APPEALS OF THE TOWN OF PORTER, Appellant.

Fourth Department, December 15, 1978

## APPEARANCES OF COUNSEL

*Orr, Brydges & Orr (George A. Orr, Jr.,* of counsel), for appellant.

*Hodgson, Russ, Andrews, Woods & Goodyear (Stephen H. Kelly* and *Robert W. Keller* of counsel), for respondent.

## OPINION OF THE COURT

SCHNEPP, J.

Respondent, Board of Appeals of the Town of Porter, appeals from an order at Special Term directing the issuance of a special excavation permit to respondent Chem-Trol Pollution Services, Inc. ("Chem-Trol").

Chem-Trol conducts a liquid and solid waste disposal business on approximately 900 acres in a "controlled nuisance industrial" district in the Town of Porter, a portion of its premises being located in the adjoining Town of Lewiston. It disposes of the residue which cannot be treated or reclaimed in a specially constructed and monitored facility described as a "secure landfill". Since 1972 it has excavated and operated on the site six secure landfills—all without specific town approval—at least five of which have been filled and sealed. The Department of Environmental Conservation granted Chem-Trol permission to conduct a hydrogeologic investigation of a seventh landfill site by letter dated July 13, 1977, which advised that the permission was not to be construed as an approval to construct the landfill. Although claiming that the town was pre-empted by the provisions of the Environmental Conservation Law, Chem-Trol applied under protest for a special permit for the excavation pursuant to the Town of Porter zoning ordinance. After conducting the requisite hearings the Board of Appeals denied the application and this article 78 proceeding ensued. Special Term held that the Board of Appeals did not have the power to deny the permit on grounds not expressly stated in the ordinance.

■ The board in passing on Chem-Trol's application for a special permit was limited to a determination of whether Chem-Trol met the standards required in the zoning ordinance. The board was without power to consider the intended use of the excavation and the possible ultimate effect of the "secure landfill" on the town's ecology (*Matter of Fox v City of Buffalo Zoning Bd. of Appeals,* 60 AD2d 991; *Matter of Mobil Oil Corp. v Oaks,* 55 AD2d 809). While the ultimate use of the excavation site and the responsibility of possible seepage contaminating the environment are legitimate concerns of the town, it has adopted no local laws or ordinances granting it any authority to regulate the construction and operation of a landfill and the Board of Appeals may not utilize the excavation permit requirements to fill this void. The only phase of Chem-Trol's operation regulated under the ordinance is actual

earth movement, and its application is for an excavation permit, not to bury industrial wastes. The use in question is contemplated by the ordinance and Chem-Trol filed a site plan showing compliance with the conditions of the ordinance.

■ The zoning ordinance specifically requires that the Board of Appeals shall not grant a special permit unless it finds, *inter alia,* that the proposed special permit is consistent with the general purpose of the zoning law and any additional statement of purpose applying to the particular request. The finding of the Board of Appeals that the proposed excavation is not consistent with these purposes, because the site would have no useful purpose after completion by reason of 10- to 15-foot high mound remaining after closure of the excavation, is of no moment. There is nothing in the ordinance which requires a showing of ultimate usefulness after completion of the excavation or that ultimate usefulness is one of the specific purposes of the ordinance governing excavations. No evidence whatever was presented to the board with respect to the ultimate usefulness of the land after the completion of the excavation. Furthermore, there was no showing of any violation of other conditions outlined in the ordinance which would merit the denial of the issuance of the special permit. Neither a certificate of occupancy nor the filing of an environmental impact statement is a stated condition for the granting of an excavation permit, although the lack thereof may form the basis for a separate action by the town upon an appropriate showing.

It is evident from the record that its application was denied, not because Chem-Trol did not meet the criteria of the special use provisions of the zoning ordinances relating to excavations, but because: (1) "hazardous wastes" were to fill the excavation site, (2) ultimate responsibility for future monitoring and control of possible excess leachate was uncertain, and (3) community pressure was directed against "secure landfills" in the town. Thus the denial was impermissible and must be annulled *(Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028).

The need for practical guidelines to protect the public from the improper disposal of hazardous waste is imperative. There is nothing to prevent the Town of Porter from adopting reasonable regulations to control landfill operations (ECL 27-0711), and in the event that the Department of Environmental Conservation permits this "secure landfill" after the site in-

vestigations have been completed, the town may then exert some force to prevent future conditions within its present orbit of concern.

Accordingly, the board is directed to issue the permit subject to any reasonable conditions which it deems appropriate within the authorization set forth in the ordinance (see *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238).

MARSH, P. J., DILLON, HANCOCK, JR., and WITMER, JJ., concur.

Judgment unanimously affirmed, without costs.