■ In the Matter of PETER PAN GAMES OF BAYSIDE, LTD., et al., Appellants, v BOARD OF ESTIMATE OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Board of Estimate, which disapproved the decision of the New York City Board of Standards and Appeals to grant petitioners' application for a special use permit, the petitioners appeal from a judgment of the Supreme Court, Queens County, dated December 12, 1977, which dismissed the petition and denied their request for injunctive relief. Judgment reversed, on the law, without costs or disbursements, petition granted, the determination of the respondent Board of Estimate is annulled and the determination of the Board of Standards and Appeals is reinstated. The petitioners applied for a special permit to use certain premises in the Bay Terrace Shopping Center as a "family fun entertainment center" (an amusement arcade). After conducting a full investigation and hearing, the New York City Board of Standards and Appeals (BSA) unanimously voted to grant the special permit. It is noted that the BSA entertained the application on six separate occasions which spanned approximately three months. The special use permit was granted for a term of one year and the BSA imposed several conditions, including (1) a limitation on the hours of operation and the type of games (only games of skill were allowed), (2) a requirement that approval be obtained from the Department of Consumer Affairs, (3) a direction that no prizes be awarded, and (4) a further direction that there shall be adult supervision. An appeal was taken to the New York City Board of Estimate which, after a de novo hearing, unanimously disapproved the action of the BSA in granting the special permit. Thereupon the petitioners commenced the instant proceeding to review the determination of the Board of Estimate and to reinstate the decision of the BSA which granted the special permit. Special Term dismissed the petition holding, inter alia, that the Board of Estimate is not limited to the standard of substantial evidence in reviewing an application for a special permit and that it could, therefore, make a de novo determination. There should be a reversal. Assuming that the New York City Charter authorizes the Board of Estimate to review the action of the BSA in granting or denying a special permit, the Board of Estimate is nevertheless restricted to a determination of whether the action by the BSA is supported by substantial evidence (see Matter of Highpoint Enterprises v Board of Estimate of City of N. Y., 67 AD2d 914). The New York City Charter does not dictate a broader scope of review for special permits and, instead, provides merely that in reviewing applications to "determine and vary the zoning resolution * * * the board of estimate shall be limited to an administrative determination as to whether the decision of the board of standards and appeals * * * was supported by substantial evidence" (New York City Charter, § 668, subd c). This language is equally applicable to both variances and special permits. Any other interpretation would be inherently contrary to the well-established dichotomy between special permits and variances. This dichotomy recognizes that special permits are designed to insure compliance with conditions imposed on certain uses expressly permitted by the zoning resolution, whereas variances are discretionary means of allowing a use of property which is otherwise proscribed by the zoning resolution (see Mobil Oil Corp. v City of Syracuse, 52 AD2d 731). A consequence of this dichotomy is that the administrative function of acting on a special permit is far more limited in scope than the range of possible review on an application for a variance. While the grant of a variance involves an exercise of discretion which is to be sparingly applied upon a showing of unique circumstances and hardship,

the issuance of a special permit is a duty which must be exercised whenever there is compliance with the statutory conditions *(Matter of Knight v Bodkin,* 41 AD2d 413). From this perspective, it is illogical to assert that the Board of Estimate should have a greater scope of review for special permits than it does for variances. Applying a standard of substantial evidence, there is no question that the determination of the BSA should be reinstated. The record before the BSA establishes that the proposed family entertainment center had the full support of the other tenants of the shopping center as well as considerable community support. Certainly, the proposed use would have no detrimental effect on the privacy, quiet, light and air of the surrounding area in that the use would merely service the patrons of a fairly busy shopping center. No showing was made of an adverse effect on traffic or parking or of any other particular disadvantage resulting from the proposed use. The general objections made to this type of use are of no consequence in view of the strong presumption in favor of the use stemming from its inclusion in the zoning resolution (see *Matter of Cove Pizza v Hirshon,* 61 AD2d 210). Since the prerequisites for a special permit were satisfied, there was a duty to grant the application and, therefore, the action of the Board of Estimate in disapproving the issuance of the special permit was improper. O'Connor, Rabin and Gulotta, JJ., concur.

Mollen, P. J., concurs in the result on constraint of *Matter of Highpoint Enterprises v Board of Estimate of City of N. Y.,* (67 AD2d 914).