◼ In the Matter of CARROL'S DEVELOPMENT CORPORATION, Appellant, v BETH GIBSON et al., Constituting the Zoning Board of Appeals of the Town of Penfield, Respondents.—Judgment unanimously reversed, with costs, and petition granted in accordance with the following memorandum: Appellant, Carrol's Development Corp., the proprietor of a Burger King Restaurant located in the Town of Penfield, filed an application with the Penfield Zoning Board of Appeals seeking a special permit to erect a freestanding, double-faced, illuminated "Burger King" sign at its Penfield Road premises. It was disclosed at a hearing conducted before the board that the proposed sign would be 36 square feet, smaller than a previous Carrol's sign, and would be of the same height as the other sign. The board in a written decision denied the special permit application, finding (1) the attached sign and structure to be adequate means of business identification and (2) the placement of freestanding signs for individual businesses to be inconsistent with the Panorama Plaza area. Appellant commenced this article 78 proceeding seeking review of the zoning board decision on the grounds that it was unsupported by substantial evidence and was illegal, arbitrary and capricious and in violation of the provisions of section 29-16 of the Penfield Zoning Ordinance. Appellant appeals from Special Term's denial of that application. The Penfield Code (§ 29-16) adopted to regulate signs within the township provides standards for permitted signs (§ 29-16, subd E) and

establishes a procedure for obtaining a special exception use permit (§ 29-16, subd D, par [2]). Where such a zoning ordinance authorizes a use permit subject to administrative approval an applicant need only show that the use is contemplated by the ordinance subject only to the conditions attached to its use to minimize its impact on the surrounding area. The burden of proof on an applicant for a special use permit is much lighter than that for a variance and requires only a showing that the use complies with the conditions imposed to minimize the anticipated impact of a legislatively authorized use on the surrounding area (see *Mobil Oil Corp. v City of Syracuse,* 52 AD2d 731). In cases where a special permit is involved, the zoning board is required to grant the special permit unless the town has reasonable grounds for denying the application *(Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028; *Matter of Silvernail v Rago,* 62 AD2d 1144). The record in this case fails to disclose any reasonable basis for the denial. Indeed, Special Term acknowledged that the proposed sign would not create a hazard to the public or to any adjacent owner or occupant or interfere with the lawful enjoyment of the public highway or of adjacent property. It is evident from our review of the record that the application was not denied because it did not meet the legislative criteria of the special use provision of the zoning ordinance. The board's denial of the permit application and Special Term's determination were improper and must be annulled *(Chem-Trol Pollution Servs. v Board of Appeals of Town of Porter,* 65 AD2d 178). The judgment is reversed and the board is directed to issue the permit subject to such reasonable conditions as it deems appropriate but within the criteria for special permits set forth in the ordinance (see *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238; *Matter of Highpoint Enterprises v Board of Estimate of City of N. Y.,* 67 AD2d 914, affd 47 NY2d 935). (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Simons, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.