■ In the Matter of SAL DE ENTERPRISES, INC., et al., Respondents, v TOWN OF ISLIP et al., Appellants. — In a proceeding pursuant to CPLR article 78, the appeal is from a judgment of the Supreme Court, Suffolk County (Corso, J.), entered October 5, 1983, which annulled a determination of the Town of Islip denying petitioners' application for a special use permit to serve food and beverages in their establishment, and granted the application. Judgment modified by adding thereto, after the words "[appellants] are directed to issue a special use permit", the following: "with reasonable conditions imposed thereon and". As so modified, judgment affirmed, without costs or disbursements. Appellants are directed to impose reasonable conditions and issue a special use permit within 15 days after service upon them of a copy of the order to be made hereon, with notice of entry. In early 1983, petitioners opened up a music hall known as "Key Largo" at 134-145 Sunrise Highway, West Islip, New York. Prior to that time, the premises were run by a corporation holding a special use permit to operate the premises as a discotheque known as "Hammerheads". The permit was revoked based on violations of restrictions in the permit (cf. *Matter of Aprile v Lo Grande,* 89 AD2d 563). The property in issue is zoned "Business I" under section 68-271 of the Code of the Town of Islip and as such requires a special permit in order to serve food or beverages. In March, 1983, petitioners filed an application for a special use permit to operate the premises as a community hall/dance hall/bar/tavern/discotheque for up to 1,500 persons. After a hearing, the Town Board of the Town of Islip denied the application and issued written findings in support thereof. Petitioners thereafter commenced this proceeding seeking review of that determination. The trial court granted petitioners' application, annulled the town board's determination, and directed appellants to issue a special use permit to petitioners. A special use permit contemplates a use expressly permitted by a particular zoning ordinance. Generally, such a permit should be issued once an applicant demonstrates a willingness to comply with restrictive covenants imposed to minimize the impact of the use on the surrounding area (*Matter of Peter Pan Games v Board of Estimate,* 67 AD2d 925; *Mobil Oil Corp. v City of Syracuse,* 52 AD2d 731). The trial court properly concluded that petitioners demonstrated a

willingness to comply with such conditions and that appellants' determination failed to offer a sound reason for denying the application. However, in directing appellants to issue the permit, the court should have also directed that it be issued subject to reasonable conditions designed to minimize the anticipated impact. In view of the delay herein and the resulting prejudice to petitioners, appellants are directed to impose any reasonable conditions they deem appropriate within the time specified. Titone, J. P., Mangano, O'Connor and Brown, JJ., concur.