■ In the Matter of GEORGE BINGHAM et al., Respondents, v TOWN BOARD OF THE TOWN OF BURLINGTON et al., Appellants. —Mikoll, J. Appeal from a judgment of the Supreme Court at Special Term (Harlem, J.), entered March 6, 1985 in Otsego County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* annul a determination of respondent Town Board of the Town of Burlington granting an automobile junkyard license to respondent Allen R. Williams.

Petitioners, real property owners in the Town of Burlington, Otsego County, commenced a CPLR article 78 proceeding against respondents Town Board of the Town of Burlington and Allen R. Williams, owner and operator of an automobile junkyard, to annul a license to operate the junkyard issued by the Town Board on the ground that the Town Board misinterpreted General Municipal Law § 136 relating to fencing of the yard from view. Special Term, after a hearing de novo, annulled the issuance of the automobile junkyard license and directed Williams to cease operating his salvage business at the site and to immediately remove the junked vehicles therefrom. This appeal by respondents ensued.

Initially, we find that the petition properly asserted a claim pursuant to CPLR 7803 (3) by alleging that the action of the Town Board in granting an automobile junkyard license to Williams was affected by an error of law and was arbitrary and capricious. The petition alleged that the Town Board misinterpreted and misapplied the provisions of General Municipal Law § 136 relating to the fencing of junkyards, and, accordingly, Special Term could properly retain this proceeding to determine the issues raised *(see, Matter of City of New York v City Civ. Serv. Commn.,* 60 NY2d 436, 445-448). In any event, regardless of the test applied, if the Town Board misapplied the provisions of General Municipal Law § 136 (11) as to the meaning of "substantially screens", the Town Board's action would then be irrational. It would be affected by an error of law and lack a rational basis *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231).

Special Term correctly ruled that the words "substantially

screens" as used in General Municipal Law § 136 (11) require more than a mere "substantially opaque" fence, eight feet in height. However, we do not find it necessary to go outside the record and make new findings of fact as did Special Term. We do find that in viewing section 136 as a whole, the phrase "substantially screens" refers to more than the type of material to be used in a fence. It refers to screening from view the operation of the automobile junkyard and its junk contents. There would be no need to require that the fence be at least eight feet high if the purpose of the term in question was only to describe the type of material of the fence. A review of the transcript of the Town Board proceedings indicates that the Town Board considered that the phrase refers to the type of material of the fence. The action of the Town Board is, therefore, affected by an error of law and is arbitrary and capricious. It is irrational and not supported by substantial evidence (see, Matter of Pell v Board of Educ., supra, p 231). The license issued to Williams was, therefore, properly found to be a nullity.

However, Special Term improperly granted injunctive relief in this proceeding. Petitioners should pursue injunctive relief, if desired, in a plenary action for an injunction (see, Matter of Fried v Fox, 49 AD2d 877, 878; Pansa v Sitrin, 27 AD2d 636, 637). It was likewise improper for Special Term to direct Williams to remove all junked vehicles from the site by a specified date. General Municipal Law § 136 (15) provides that violators of the section shall be punished by a fine not exceeding $100 and that each week the violation goes on shall constitute a separate violation. The judgment should be modified accordingly.

Judgment modified, on the law, without costs, by striking therefrom the direction to respondent Allen R. Williams to cease all salvage work and to remove all junked vehicles from the site by a certain date, and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.