■ In the Matter of GEORGE E. WORLEY et al., Respondents, v WILLIAM KOSNICK et al., Constituting the Town Board of the Town of Stockport, Respondents, and LOWELL GRAHAM et al., Appellants.—Mahoney, P. J. Appeal from a judgment of the Supreme Court at Special Term (Kahn, J.), entered May 10, 1985 in Columbia County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to vacate a mobile home permit issued to respondents Lowell Graham and Patricia Smith.

In 1968 the Town of Stockport, Columbia County, passed a local ordinance regulating the placement of mobile homes and mobile home parks. Section 10.22 of the ordinance prohibits occupancy of a mobile home outside a licensed mobile home park. However, those mobile homes in place prior to the effective date of the ordinance are exempt from the prohibition if certain conditions are fulfilled. Section 10.51 of the ordinance provides that such a dwelling, in place prior to the ordinance's effective date but not located in a mobile home park, could continue to be utilized as living quarters provided that the owner of the land registered the unit before October 1, 1968. In addition to registration, the preexisting mobile home must have been in compliance with certain requirements of the Columbia County Health Department with regard to its well and septic systems. The ordinance makes provision for the replacement of an existing mobile home with one of superior construction. An owner, however, in order to take advantage of this "replacement privilege", must apply for a permit and demonstrate compliance with the requirements of the ordinance respecting adequate water and sewage disposal systems and setback and sideyard restrictions.

On January 28, 1984, respondent Lowell Graham obtained title to a certain piece of property in the town. Graham requested a permit for the location of a substitute mobile home on the property. A hearing on his application was held before the Town Board on May 2, 1984. No mobile home had been registered as required by the local ordinance. On July 6, 1984, the Town Board issued a mobile home permit to Graham and respondent Patricia Smith (hereinafter respondents).

Petitioners, owners of property contiguous to the parcel in question, instituted a CPLR article 78 proceeding against the members of the Town Board seeking revocation of the permit.* Special Term determined that the Town Board had issued the permit in violation of the mobile home ordinance and declared the permit to be null and void. The court's judgment vacated the permit, ordered respondents to move their unit from the property and permanently enjoined the placement of a mobile home on the subject property. Respondents have appealed.

Upon respondents' failure to remove the mobile home unit, petitioners moved to hold them in contempt. Respondents opposed the motion and cross-moved to strike from Special Term's judgment the provisions requiring the removal of the home and permanently enjoining the placement of a mobile home on the property. The motion and cross motion were both denied. By order to show cause, petitioners sought leave to reargue the motion for contempt. Leave was granted and, upon reargument, respondents were held in contempt. Special Term issued a warrant but stayed the same pending the resolution of this appeal.

The overriding policy of any zoning-type statute is the elimination of nonconforming uses (*Matter of Syracuse Aggregate Corp. v Weise,* 51 NY2d 278, 284). Here, section 10.51 of the local ordinance permits the continued use of a mobile home existing at the time of the enactment of the ordinance, provided that the owner of the land has registered the mobile home with the Town Clerk and, further, that the home has met the requirements of section 10.41 of the ordinance respecting water and sewer systems. Under section 10.51 (b), the registration is deemed to constitute a permit for the continued use. Next, the right to continued use does not rest solely upon registration, but is also predicated upon compliance with the requirements of section 10.41 respecting water and sewage disposal. Further, section 10.52 of the ordinance sets forth the requirements for a permit to replace an existing mobile home with one of superior construction. The procedure commences with an application, in writing and signed by the applicant, which must show the name and address of the applicant, the location and description of the land, a plan drawn to scale, and include a copy of the deed.

A review of the record clearly reveals that Graham, as the

---

* Respondents were joined as parties by order of Special Term dated January 2, 1985.

landowner, did not register the mobile home with the Town Clerk, and respondents have offered no proof that the prior existing mobile home had water and sewage systems that satisfied the requirements of the ordinance. Further, Graham failed to submit an application in writing containing a plan for the development of the plot. Finally, the proposed substitute mobile home did not, and could not, meet the setback requirements of the ordinance.

These facts do not present a question of whether the Town Board's determination is supported by substantial evidence or whether it adopted a reasonable interpretation or construction of the ordinance in granting the permit. Rather, the sole issue is whether the Town Board disregarded the mandatory provisions of the ordinance. Since it is clear from the record that the Town Board disregarded the plain language of the ordinance, its determination was properly set aside (see, Matter of Mobil Oil Corp. v Oaks, 55 AD2d 809; Matter of Sun Oil Co. v Young, 37 AD2d 969).

Finally, while Special Term was correct in voiding the permit granted by the Town Board, it erred in issuing a judgment compelling respondents to remove the preexisting mobile home from the property and permanently enjoining the placement of a mobile home on the premises. No such relief was requested in the petition and supporting papers nor was any oral argument heard for such relief. General principles of equity determine whether the final decree or judgment shall award injunctive relief. The basic requirements for obtaining a judgment for a permanent injunction are the danger of irreparable injury unless such a judgment is entered, and the inadequacy of other remedies to afford just and equitable relief (see, e.g., 28 NY Jur, Injunctions, § 26, at 339). Here, there were no allegations in the petition concerning the inadequacy of other remedies or of the danger of irreparable injury. Since courts generally are reluctant to grant the drastic relief of injunction without proof of the basic requirements enumerated above, we conclude that Special Term did not have the authority to include in its judgment the directive that respondents remove the mobile home and be permanently enjoined from placing a mobile home on the property.

Judgment modified, on the law, without costs, by striking therefrom the final two decretal paragraphs and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.