■ In the Matter of WEGMANS ENTERPRISES, INC., et al., Appellants, v EUGENE LANSING, as Chairman of the Town of DeWitt Zoning Board of Appeals, et al., Respondents.—Judgment affirmed without costs for reasons stated at Special Term, Hayes, J.

All concur, except Callahan, and Balio, JJ., who dissent and vote to reverse and grant the petition, in the following memorandum.

Callahan and Balio, JJ. (dissenting). We cannot agree with Special Term that the findings of the Zoning Board of Appeals (Board) were supported by substantial evidence and were not arbitrary and capricious or in our view, contrary to law. The record demonstrates that petitioners did meet all the conditions of the ordinance.

The ordinance requires specific Board approval for retail uses in the special business transitional district which are greater than 5,000 square feet. It is apparent from our review of the record that the Board did not appreciate that a special permit use is a permitted use under the ordinance. The

ordinance invites the proposed use. Unlike a variance, a special exception does not entail a use of the property forbidden by the zoning ordinance. Rather, it constitutes a recognition of the use which the ordinance permits under certain stated conditions *(Matter of Old Ct. Intl. v Gulotta,* 123 AD2d 634, 635). All that a special permit applicant must prove is that the use is contemplated by the ordinance and that it has complied with the conditions in the ordinance to minimize the impact on the surrounding area. The Board must limit itself to a determination of whether the applicant met the standards required by the ordinance *(Matter of North Shore Steak House v Board of Appeals,* 30 NY2d 238, 244; *Matter of Carrol's Dev. Corp. v Gibson,* 73 AD2d 1050, 1051, *affd* 53 NY2d 813; *Chem-Trol Pollution Servs. v Board of Appeals,* 65 AD2d 178, 179).

It appears as if the Board incorrectly assumed that the 5,000-square-feet provision in the ordinance was a per se or automatic limitation or restriction on development. That is incorrect and any references thereto in the Board's findings are inconsistent with the Board's own prior rulings, in that the Board had permitted construction in the immediate area of Roth Brothers Furniture Store, Track and Racquet Club, and Wegmans, all of which were in excess of 5,000 square feet. When a board denies a permit to one party when there are sufficiently similar factual circumstances to prior applications where permits were granted, the board must offer an explanation as to why it no longer interprets the ordinance the way it did when it granted the prior applications, or, in the alternative, a conforming determination is required *(Knight v Amelkin,* 68 NY2d 975, 977). The Board expressed no reason which has support in the record as to why the proposed configuration is undesirable. There is no evidence that a 5,000-square-foot limitation has been adhered to in this neighborhood; thus, the tone and character of the neighborhood is not one of small businesses under 5,000 square feet. Therefore, the Board's findings and conclusion that the proposed structures are not appropriate for the particular lot and location are not supported by substantial evidence.

Further, in our view, the Board erred in denying the permit on the ground that traffic would be adversely affected by the proposal. There is no evidence that the proposed special permit use would have a greater impact on traffic than would other permitted uses not subject to special permits, i.e., those buildings under 5,000 square feet *(Matter of Lee Realty Co. v Village of Spring Val.,* 61 NY2d 892, 894; *Matter of Kidd-Kott*

*Constr. Co. v Lillis,* 124 AD2d 996; *Matter of Hobbs v Albanese,* 70 AD2d 1049). The Board made an error of law by not considering traffic generated by unconditionally permitted uses. Thus, a major ground for the Board's denial lacks a rational basis *(Matter of Bingham v Town Bd.,* 116 AD2d 900).

Finally, the Board must state the facts upon which it based its decision, and its determination will not be sustained unless evidence in the record supports the Board's conclusion *(Matter of Highland Brooks Apts. v White,* 40 AD2d 178, 181). The denial of a special permit may not be based on general objections by the Board, adjacent landowners or others, or on conclusory findings which do not have evidentiary support in the record *(Matter of Sullivan v Town Bd.,* 102 AD2d 113, 115, *appeal dismissed* 63 NY2d 952; *Matter of McDonald v City of Ogdensburg Zoning Bd. of Appeals,* 101 AD2d 900, 901). Further, community pressure is an improper ground upon which to base the denial of a special permit *(Matter of Lee Realty Co. v Village of Spring Val., supra).* It is apparent from our review of the record as a whole that the Board's denial was grounded upon objections from neighboring landowners, community members and others and that the Board's conclusions and findings have no basis in fact in this record. To the contrary, the record shows that petitioners have satisfied every condition of the ordinance. The Board's determination thus was not supported by substantial evidence in the record and should not have been upheld by Special Term. (Appeal from judgment of Supreme Court, Onondaga County, Hayes, J. —art 78.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.