■ 123 LIMOUSINE, INC., Appellant, v KENNEDY HOUSE et al., Respondents.—In an action for a permanent injunction barring the defendants from interfering with an antenna

owned by the plaintiff and situated upon the roof of a building owned by the defendants, the plaintiff appeals from an order of the Supreme Court, Queens County (Zelman, J.), dated May 11, 1987, which, upon its motion for a preliminary injunction, denied the motion, declared the plaintiff to be a trespasser and directed the plaintiff to vacate the defendants' premises.

Ordered that the order is modified, on the law, by deleting the declaration that the plaintiff is a trespasser and the direction that it vacate the defendants' premises; as so modified the order is affirmed, with costs to the plaintiff.

The plaintiff had maintained an antenna on the roof of the defendants' premises since September 3, 1974. When the defendants threatened to disconnect and remove this antenna on the ground that the premises were being used unlawfully, the plaintiff commenced the instant action to permanently enjoin the defendants from interfering with its use of the antenna. In support of its application for a preliminary injunction, the plaintiff asserted, *inter alia,* that it had acquired the right to use the defendants' roof by way of an easement by prescription since it had maintained and utilized the antenna in an open, notorious, continuous and hostile manner for a period in excess of 13 years.

The Supreme Court declared that the plaintiff was a trespasser and directed the plaintiff to vacate the defendants' premises by a certain date.

We find merit to the plaintiff's contention that the Supreme Court erred in issuing an order which affirmatively directed the plaintiff to vacate the defendants' premises. The record reveals that the Supreme Court was presented only with an application for preliminary relief pending the final resolution of the action. The defendants had not yet interposed an answer nor did they cross-move for an order directing the immediate removal of the antenna. Based on the record, the court should have denied the application for a preliminary injunction. The order issued by the Supreme Court, however, clearly exceeded the scope of the application before it. Indeed, the order appealed from finally disposed of the action by awarding permanent relief to a nonmoving party. This was error *(see, Matter of Worley v Kosnick,* 121 AD2d 826). The Supreme Court should have confined its ruling to the question of whether a preliminary injunction should be issued to the plaintiff. Consequently the preliminary injunction was properly denied but the plaintiff is entitled to proceed with this action in the absence of an appropriate motion by the defen-

dants. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.