■ ELSWORTH WORRELL, Respondent, v JUAN P. LOPEZ, Appellant. [766 NYS2d 104] —In an action, inter alia, to recover damages for breach of a lease, the defendant landlord appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Partnow, J.), dated July 14, 2003, which, among other things, granted the plaintiff tenant's motion, inter alia, to compel him to provide the plaintiff with access to the basement of the subject premises to the extent of permitting the plaintiff to perform all necessary work to cure an order to vacate the premises issued by the New York City Department of Buildings and denied his cross motion to compel the plaintiff to remove certain equipment from the premises.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, the cross motion is granted, and the plaintiff is directed to remove his equipment from the premises within 30 days after service upon him of a copy of this decision and order.

The Supreme Court erred in granting preliminary injunctive relief to the plaintiff tenant which was not requested in his motion (*see Cellular Tel. Co. v Village of Tarrytown,* 210 AD2d 196, 197 [1994]; *123 Limousine v Kennedy House,* 136 AD2d 683, 684 [1988]). Moreover, a contract should be enforced in accordance with its terms (*see W.W.W. Assoc. v Giancontieri,* 77 NY2d 157, 162 [1990]). Here, the lease does not give the plaintiff the right to make structural repairs, and therefore, the Supreme Court should not have authorized the plaintiff to make such repairs. Moreover, the plaintiff did not satisfy the requirements for entitlement to the preliminary injunctive relief which he sought in his motion (*see Doe v Axelrod,* 73 NY2d 748, 750 [1988]).

The Supreme Court should have granted the defendant landlord's cross motion for the removal of the plaintiff's equipment so that the structural repairs may be made.

In light of our determination, it is unnecessary to address the defendant's remaining contention. Altman, J.P., Smith, Friedmann and Crane, JJ., concur.