Per Curiam.

The sole issue is whether the presence of a coin-operated milk vending machine, installed in the basement of an apartment house located in a restricted residential zone, violates the Zoning Law of the City of New Bochelle, which prohibits any business in B-5 District except ‘ ‘ Accessory uses customarily incident to the above uses ” (New Bochelle Zoning Law, art. VII, § 1, subd. [e]). An “ accessory use ” is defined as “ a use customarily incidental and subordinate to the main use conducted on the lot, whether such accessory use is to be conducted in a main or accessory building ” (art. XI). We think it does not.
As noted in Special Term, the use of a milk vending machine is but a different method of doing a traditional service for a householder. It is a common experience that new times bring not only new problems but new ways and means of dealing with old ones. To illustrate, automation is now being turned to as a means of reducing labor costs not only in the industrial and commercial fields, but also in the domestic. The presence of a *376 milk vending machine, such as the ones used here, in the basement of an apartment building which is not accessible to the general public, can have little, if any, adverse application to the character of the residential neighborhood. It is not commercialism such as ordinarily disturbs the quiet and peaceful enjoyment of the home but, rather, the convenient substitute for the route man. It is a device designed to perform “ a use customarily incidental and subordinate ” to the normal enjoyment of an apartment house.
The judgment of the Appellate Division should be reversed and that of Special Term reinstated, with costs in this court and in the Appellate Division.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
Judgment reversed, etc.