Bernard g. Meyer, J.
The petitioner is the contract vendee of a 12-acre tract of land situated on the south side of the Bay-ville Peninsula facing Oyster Bay Harbor in the Town of Oyster Bay. This promontory extends north and then east into Long Island gound, thus forming Oyster Bay Harbor to the south of it.
This is an article 78 proceeding to review the denial of petitioner’s application for permission to construct a recreational facility for a private bathing and swimming club on said property to be used by its members from Nassau, guffolk and Queens Counties.
The proposed use is a permitted use under the Zoning Ordinance applicable to the property, when authorized as a special exception by the Town Board after a public hearing, guch a hearing was held on March 22, 1960, and a decision adverse to the petitioner was handed down May 31, 1960.
The standing of the Y. M. O. A. as a public minded, selfless institution, devoted to the betterment of boys and young men of the nation and to the improvement of their moral, spiritual, physical and social condition, is too well known to need any elaboration.
Hnfortunately the court does not have plenary power in matters such as these, to use its own judgment in allowing a worthy plan to go forward simply because it is a worthy plan, guch considerations are for the Town Board and where it vetoes a proposal, the court’s inquiry is limited to a review of the record to ascertain if there is substantial evidence to support the determination. This is especially so where the Town Board *581 itself, as distinct from an administrative board, has reserved the right to pass on each application. This places the act in a retreat even more remote from judicial review than a decision by Zoning Board of Appeals for instance, since it is entirely untrammelled by a need to conform to known and announced standards and need only stop short of capriciousness. (Matter of Lemir Realty Corp. v. Larkin, 8 A D 2d 970; Matter of Lemir Realty Corp. v. Larkin, 10 A D 2d 1005.)
Furthermore the burden is on the petitioner, to establish that the Town Board has transgressed even these liberal bounds before it may be upset. (Matter of Cunningham v. Planning Bd. of Town of Brighton, 4 A D 2d 313.)
Nevertheless a review of the record made on the hearing before the Town Board and of the findings which purport to be based on it, leave this court with the impression that with the exception of one finding, they either find no support in the record, or are completely irrelevant to the application. That particular finding which constitutes the exception, has to do with a serious traffic problem which it is said, presently exists in the Village of Bayville. The village is directly involved in the instant application because the only way to reach this property on an established road, is through the village. The normal route is north on Ludlam Avenue then east on Bayville Avenue, the main business street of the village, then south on Baybeach Avenue to the subject property. Bayville Avenue is a narrow road and the traffic congestion which would exist on it anyway on Summer week ends, due to the fact that it provides the only access to a large Town Beach which the respondent maintains to the east of the village and which facility is naturally the generator of a large amount of traffic, is aggravated by the fact that Bayville permits parking at the stores on said street.
The last official traffic count at the Ludlam Avenue-Bayville Avenue intersection on a Summer Sunday was taken 10 years ago, but weekday counts taken at that time which were repeated in the Summer of 1958, show a doubling of traffic flow in that period, leading to the inference that the week-end traffic has at least kept pace.
The presentation made by petitioner showed that the principal use of the beach would be made by 300 children on weekdays only, who would be transported to and from the premises in six to eight buses. Week-end use by 100 families was briefly adverted to at the hearing but not sufficiently detailed. Nor was the exact status of a roadway, which in an airplane view of the whole area, appears to by-pass the Bayville Avenue east-leg bottleneck by paralleling it to the south, satisfactorily *582 defined. The road in question runs eastward from Ludlam Avenue a short distance before it reaches the Bayville Avenue intersection, and thus provides access tó the Y. M. C. A. property and to points beyond, without going through the Bayville business section at all. Since these matters may not be decided on affidavits on conflicting version of the facts (Matter of Pratt v. Larkin, 7 A D 2d 869), this court held hearings to clarify the facts in this respect.
Those hearings developed the following details: Competent traffic experts for both sides agree that the Summer weekday traffic on the existing route through Bayville, is about equal to the practical capacity of the roads, and that week-end traffic exceeds capacity by a large percentage. The estimate now is 1,000 vehicles per hour at peak periods, which is 30 to 35% in excess of practical capacity. There is also agreement on the fact that two measures would greatly relieve the problem if not entirely eliminate it; viz.: (1) the abolition by the village of parking on Bayville Avenue, and (2) the opening of the new parallel road on the south by the town. Neither of these remedies have been undertaken; Bayville because it does not choose to do so, although a county traffic analyst from the Department of Public Works advised it some time ago, and the town, because it has not as yet decided to finish the road.
That this passageway is not now a road in any true sense of that term, although it has the appearance of one from a distant air view, is clear. The proof shows that it is a gravel embankment across marshy land, constructed by the town and presently undergoing natural compaction by the elements to make a suitable roadbed, but it is unsurfaced and without shoulders and in a number of places has sustained serious washout damage.
Thus we have the ineongruent situation of the respondent relying on the existence of a traffic problem which it and the adjoining municipality are instrumental in perpetuating, as a basis for denying petitioner’s proposed use. The question before the court, however, is not how the problem came about, but rather whether there is in fact a problem which falls within the legitimate sphert of the Town Board’s authority.
The court does not agree that section 264 of the Town Law, which deals with the establishment of a zoning district, furnishes justification for considering Bayville Village traffic on the present application for a special exception permit. Sufficient authority for such concern with traffic problems in general, is, however, to be found in Matter of Larkin Co. v. Schwab (242 N. Y. 330); the contrary view that traffic is for the police, not *583 zoning authorities, does not apply where a Town Board has reserved to itself action on requests for special exception (see Matter of Bar Harbour Shopping Center v. Andrews, 23 Misc 2d 894, 903).
In the Larkin case, the court had this to say in discussing the right of a City Council to consider traffic problems (p. 338): “We assume for the purposes of this case, without further consideration, that the city may not confer upon a board the right to prohibit appropriate use of particular premises when the board thinks such use would obstruct or endanger other traffic. Even though that be true, yet, if consent for storage of gasoline would produce interference with or danger to traffic, that is a matter which may legitimately enter into consideration of the council when called upon to determine whether it shall in a particular case dispense with the general prohibition against such storage. Though that reason, considered alone, might not come within the scope of the discretion of the council, it ‘ need not be wholly disregarded and may even become decisive in a case otherwise doubtful.’ ”
Where, as in this case, a traffic problem involves two adjacent municipalities, consideration of the problem in relation to a proposed zoning exception does not turn on geography alone. While the addition of 6 to 8 buses to a traffic flow of 1,000 cars per hour might be regarded as so minuscule as to warrant the court in disregarding it, the cars used by 100 private families cannot be so regarded as a matter of law. It is true that the Town Board, had it desired to permit this use, could have set up conditions which would have minimized these difficulties, but the court can no more do it for the board than it can order the board to take the other measures heretofore discussed.
The court concludes, therefore, that on the presently existing situation this application must be denied.