■ In the Matter of the YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREATER NEW YORK, Appellant, v. JOHN J. BURNS et al., Constituting the Town Board of the Town of Oyster Bay, Respondents.— In a proceeding under article 78 of the Civil Practice Act, to review and annul a determination

of the Town Board of the Town of Oyster Bay denying petitioner's application, under applicable provisions of the zoning ordinance, for a special exception to erect a private club and youth recreation center on certain shorefront property located in the unincorporated part of the Town of Oyster Bay, adjacent to the Village of Bayville, Long Island, the petitioner appeals from: (1) an order of the Supreme Court, Nassau County, dated October 24, 1960, which dismissed the petition; and (2) an order of said court, dated January 13, 1961, which denied petitioner's motion for leave to renew the aforesaid application upon additional facts. Order dated October 24, 1960, reversed on the law and the facts, without costs, determination annulled and application granted. Inconsistent findings contained in the decision-opinion of the court (*Matter of Young Men's Christian Assn. of Greater N. Y.* v. *Burns,* 25 Misc 2d 580) are reversed, and new findings are made as indicated herein. The board's determination was based in part on a finding that the proposed use would increase an already serious traffic problem in the Village of Bayville. This was the only finding which the Justice at Special Term sustained; he rejected the board's other findings as being either without support in the record or completely irrelevant to the application. The experts produced by both sides at the hearing before the Special Term testified substantially to the effect: (1) that the problem of excessive traffic congestion exists in this resort area only during peak hours on week ends in the Summer, on Bayville Avenue east of the Ludlam Avenue intersection in the Village of Bayville, at which times there is a flow of approximately 1,000 cars an hour; (2) that the congestion could be alleviated by appropriate traffic control measures by the village authorities and by the completion by the town of a new by-pass road, for which the fill has been laid; and (3) that the additional flow of approximately 25 cars an hour which will be generated by the petitioner's proposed use on week ends and which is less than would be caused by some of the permitted uses per se under the ordinance, will not make any material or substantial difference in the traffic conditions in the area. Since the board's finding (that the proposed use would increase an already serious traffic problem) is without support in the record, their determination based thereon is unreasonable and arbitrary, and may not stand (*Matter of Green Point Sav. Bank* v. *Board of Zoning Appeals of the Town of Hempstead,* 281 N. Y. 534, 539; 1 N. Y. Jur., Administrative Law, § 184). In view of the foregoing, the appeal from the order dated January 13, 1961, is dismissed as academic. Beldock, Pette and Brennan, JJ., concur; Nolan, P. J., and Ughetta, J., dissent and vote to affirm both orders, with the following memorandum: It was for the Town Board to determine on consideration of the facts whether the special exception applied for should be granted or should be denied. In making that determination they were not required to conform with standards or conditions formulated to guide their action. The question presented was left for them to determine, in their untrammeled but of course not capricious discretion, with which the courts may not interefere, except on proof that refusal to grant the exception was based solely on grounds which, as a matter of law, the board might not consider. The record discloses that the Town Board, on consideration of the facts, concluded: (1) that neither the health or safety nor the general welfare of the residents of the town would be benefited or promoted by the granting of the application; and (2) that if the special exception should be granted, the added traffic using a village road to gain access to the subject premises would result in traffic chaos and leave the public authorities powerless to afford the minimum necessary protection of lives and property. The board's conclusion thus stated was based on the fact that the area in question is located on a peninsula which leads to the Village of Centre Island, and that there is

only one arterial road composed of three lanes running through the center of the peninsula. The Village of Centre Island relies for fire protection on the Village of Bayville; and fire apparatus, coming from Bayville to Centre Island, would be compelled to use that road. The record does not demonstrate that the reasons given by the board for their actions are arbitrary or capricious, or that there was no logical basis for the conclusions which the board reached as to the facts stated. The fact that the evidence adduced at Special Term could lead to contrary conclusions would not have justified the Special Term, nor does it permit this court, to substitute its judgment for that of the board (*Matter of Newbrand* v. *City of Yonkers,* 285 N. Y. 164, 178). In the exercise of their discretion the board members have held on the basis of the facts, that any benefit which might be derived by the public from the granting of the special exception would not outweigh the disadvantages which would result therefrom. We may not interfere with discretion so exercised (*Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330; *Matter of Lemir Realty Corp.,* 10 A D 2d 1005).