■ In the Matter of MIKA REALTY CORP., Respondent, v. LEONARD L. HORN et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Appellants.— In a proceeding under article 78 of the Civil Practice Act, to annul a determination of the Zoning Board of Appeals of the Town of Huntington, which denied the petitioner's application for a use variance, the Zoning Board appeals from an order of the Supreme Court, Suffolk County, entered January 25, 1962, upon the court's decision after a hearing, which: (a) annulled the determination; and (b) remitted the matter to the board with a direction that it grant the variance. Order reversed on the law and on the facts, without costs, and determination confirmed, without prejudice however to renewal by the petitioner of its application to the Zoning Board, if petitioner be so advised. Findings of fact contained or implicit in the opinion at Special Term inconsistent herewith are reversed and new findings are made as indicated herein. The board's denial of the petitioner's application for a use variance was not arbitrary or contrary to law insofar as such denial was based upon the petitioner's failure to prove: (a) that the condition of its property was unique; and (b) that it was unable to realize a reasonable return (cf. *Matter of Otto* v. *Steinhilber*, 282 N. Y. 71, 76; *Matter of Forrest* v. *Evershed*, 7 N Y 2d 256, 261–262; *People ex rel. Fordham M. R. Church* v. *Walsh*, 244 N. Y. 280, 290). However, insofar as the board's denial was based upon its finding and its conclusion that the petitioner's alleged hardship was self-created, the board's determination was contrary to law. At the time of the petitioner's acquisition of its property for business use the rear half of its property was residentially zoned, while the remainder, bordering upon Jericho Turnpike, was zoned for business use. At that time, if the petitioner had made application, the town's zoning ordinance authorized the board to grant to the petitioner a special exception to use the residentially zoned section of its property for business purposes, provided that it met certain standards. Several years thereafter, the ordinance was amended so that it delimited the board's power to grant special exceptions. The amendment required the petitioner, upon its application to the board, to request a variance. Under the circumstances revealed by this record, we find that there was no self-imposed hardship, but that the proof was inadequate to justify the granting of a variance. Ughetta, Acting P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.