A. Franklin Mahoney, J.
In July of 1969 petitioners and others purchased acreage in the Town of Shawangunk, Ulster County, and had professional engineers and surveyors subdivide the property into a proposed development to be "known as “People’s City”, which development was to be funded by the Office of Economic Opportunity, United States Department of Housing and Urban Development.
The Town of Shawangunk has no zoning law. It has a Town Planning Board, created pursuant to article 16 of the Town Law, and said board was given the authority to approve plats for the subdivision of lands within the town by resolution adopted by the Town Board on September 15, 1965. This authority was implemented by the adoption of “ Subdivision Regulations of the Town of Shawangunk Planning Board” on February 16, 1966.
The petitioners filed a preliminary plat with the Planning Board and, after a public hearing on January 6,1970, the board disapproved the plat in a written memorandum dated February 2, 1970. The board also forwarded to petitioners a three-page statement entitled ‘ ‘ Comments on reasons for Disapproval of Preliminary Layout of People’s City Subdivision ” together with a two-page statement entitled ‘ ‘ Requirements for Approval of Subdivision Plat of People’s City Subdivision”. The preliminary plat was revised and resubmitted after complying with all the board’s requirements except (a) lot size (b) a community system of sanitary sewers (c) provision for burying cables and wires for electrical, telephone and cable-vision services and (d) sidewalks and curbs. The resubmission was dated May 5, 1970. The board, by letter dated May 11, 1970, informed petitioners that the requirements as outlined in its memorandum of disapproval dated February 2, 1970 had not been met.
On June 5, 1970 this article 78 proceeding was commenced seeking an order voiding on grounds of illegality so much of the subdivision regulations of respondent town that require preliminary plat approval and the procedures to obtain the same. Petitioners allege that no such requirements are mandated by section 276 of the Town Law. They are mistaken in this position. Section 276 of the Town Law, as amended by *701 the Laws of 1966, effective June 28, 1966, specifically requires the preliminary procedures that petitioners find arbitrarily offensive. Subdivision 1 of section 276 was amended so as to provide for conditional approval of preliminary plats. Two new subdivisions, numbered 2 and 3, were added defining and distinguishing between a ‘ ‘ preliminary plat ’ ’ and a ‘ ‘ plat ’ ’ in final form and, further, authorizing legally constituted planning boards to require the submission of preliminary plats. Respondent town’s subdivision regulations contain such a requirement and, next, particularize in great detail the required content of a preliminary plat and the mechanics of presenting it for approval. The petitioners have not complied with the regulations. They never submitted a ‘ ‘ plat ’ ’ as defined in subdivision 2 of section 276 of the Town Law. That subdivision states ‘ ‘ the term ‘ plat ’ means a drawing, in final form, showing a proposed subdivision containing all information or detail required by this article or any other applicable state law or local law, ordinance, rule, regulation or resolution and, if modified, as a conditionally approved preliminary plat, such modification [italics supplied]; and the term 1 conditional approval ’ of a preliminary plat means approval of the layout of the proposed subdivision as set forth in such preliminary plat, but subject to approval of the plat, in final form, in accordance with the provisions of subdivision four of this section ’ ’.
Clearly, no “ plat ” or “ conditionally approved preliminary plat ”, as required by section 276 of the Town Law, was ever submitted to the respondent town’s Planning Board. In the absence of such a submission the petitioners do not qualify as persons jointly or severally aggrieved. Section 282 of the Town Law entitled ‘ ‘ Court review ’ ’ says that ‘ ‘ any person or persons, jointly or severally aggrieved by any decision of the planning board concerning such plat * * * may have the decision reviewed by a special term of the supreme court in the manner provided by article seventy-eight of the civil practice law and rules ”. (Italics supplied. See definition of “ Plat ”, supra.)
Accordingly, in the absence of any “plat” submission the petitioners are without standing to bring their proceeding.
This holding makes unnecessary a consideration of respondents’ timeliness in moving to dismiss the petition. Even in the absence of a motion to dismiss, a proceeding must comply with the provisions of the statute that fathered it. No article 78 proceeding is authorized by section 282 of the Town Law *702 until a “ plat ” has been filed with and disapproved by the Planning Board.
The petition is dismissed without prejudice to the petitioners’ right to file a “ plat ” and. have a public hearing as prescribed by law.