PEARSON KENT CORPORATION, Petitioner, *v.* FRANKLIN BEAR et al., Constituting the Nassau County Planning Commission, Respondents.

Second Department, November 9, 1970.

*Gehrig, Ritter, Coffey & McHale* (*John F. Coffey* of counsel), for petitioner.

*Morris H. Schneider, County Attorney* (*F. Stuart Darrow* of counsel), for respondents.

MARTUSCELLO, J.   The petitioner is the owner of certain realty delineated on a certain "Map of Pearson Ridge, Sections 1, 2 and 3" and located in the unincorporated area of Glen Head in the Town of Oyster Bay, Nassau County.  This realty is accessible by means of three public roads, The Promenade, Cedar Lane, and Hill Lane, which are not within the proposed subdivision.  These three roads were laid out and approved on a 1910 map and have a width which would be considered inadequate on a 1969 map.  Nevertheless, these three streets have been dedicated, maintained and utilized by the Town of Oyster Bay since 1910.

The petitioner proposed to subdivide the subject realty into plats and submitted subdivision plats to the respondents, as required, for approval.  Prior to the respondents' determination on the petitioner's application for final approval of the plats the Town of Oyster Bay, as well as property owners residing near the three access routes, indicated their opposition to the plats.  At

hearings conducted by the respondents, they maintained that the three access routes on the 1910 map would be inadequate to meet the proposed increase in traffic resulting from the petitioner's subdivision, that any improvements in the routes would destroy the character of the residences in the community and cause a financial burden to the taxpayers, and that the increased traffic would cause numerous injuries to children living near the routes.

Thereafter, on November 25, 1969, the respondents disapproved the plats solely on the aforenoted ground, i.e., the inadequacy of the three access routes to the subdivision, rather than on any deficiency in the plats themselves.

In my opinion, the respondents' determination was erroneous.

In *Matter of Medine* v. *Burns* (29 Misc 2d 890), the Planning Board of the Town of Islip denied the petitioners' application for approval of their subdivision map. On review, the petitioners contended, *inter alia*, that the board had acted illegally and beyond the scope of its jurisdiction in refusing approval because the petitioners had not indicated a willingness to improve a private road outside the proposed subdivision. The court, while remanding on another point, agreed with the petitioners on this issue. The court noted that the only statutory authorization for requiring the petitioners to improve streets outside their proposed subdivision is that contained in section 280-a of the Town Law, which authorizes the town to require improvements of such streets as are located outside a subdivision map before a building permit may be issued. There is, however, no statutory provision empowering a town to require improvements on streets outside a subdivision map at the time that a subdivision plat is submitted for approval. Subdivision 1 of section 277 of the Town Law, as well as the provisions of the County Government Law of Nassau County cited by the respondents, merely provides that a planning board, before approving a subdivision plat, shall require that all streets within the subdivision be improved.

In the absence of specific legislative authority, the respondents clearly exceed their mandate in rejecting properly filed subdivision plats, solely on the ground of the alleged physical inadequacy of three public access routes located outside of the petitioner's proposed subdivision. (See, also, *Daley Constr. Co.* v. *Planning Bd. of Randolph,* 340 Mass. 149; *Beach* v. *Planning & Zoning Comm. of Town of Milford,* 141 Conn. 79.)

Moreover, I am of the opinion that the respondents' determination is not supported by substantial evidence in the record and cannot stand (*Matter of Stork Rest.* v. *Boland,* 282 N. Y.

256). Opposition to the proposed subdivision was voiced by property owners abutting the three narrow access streets who feared an alleged increase in traffic and other hazards flowing therefrom which would affect their area. However, the county's own Director of Traffic Engineering indicated that there would be no harmful effect on the access streets as a result of an approval of the proposed subdivision.

The respondents' determination should be annulled, on the law, without costs; the petition granted; and the respondents directed to approve the petitioner's subdivision plats for filing.

HOPKINS, Acting P. J., MUNDER, KLEINFELD and BRENNAN, JJ., concur.

Determination annulled, on the law, without costs; petition granted; and respondents directed to approve petitioner's subdivision plats for filing.