Bergan, J.
 

 The case involves the statutory powers of the Nassau County Planning Commission under the County Government Law (Charter) of that county. The frame of its authority is broadly stated. Jurisdiction is vested over all territory of the county outside cities and villages (§ 1610). The same section requires the approval of the commission for development of any plat for a subdivision of land. The legislative intent is to grant to the commission ‘1 the powers necessary for guiding and accomplishing a coordinated, adjusted and harmonious development of the county, which will * * *
 
 *398
 
 best promote health, safety, and the general welfare ” (§ 1610, subd. 3).
 

 In exercising its authority to grant or deny approval of a . subdivision under the same section it may consider the impact of the proposed development on adjacent territory and property within its jurisdiction. The fact that portions of the Charter and Beal Property Law are addressed to approval or disapproval internal to the subdivision itself does not negate the broader powers of the commission (see, e.g., § 1610, dealing with the regulations directed by the board of supervisors as to land ‘ ‘ shown on a plat ’ ’ and ‘1 public places shown upon the plat”, and Beal Property Law, § 334-a, “area embraced within said map ”). These matters are the routine functions of the commission.
 

 The commission denied petitioner’s development approval, not because it regarded the plan itself as intrinsically not acceptable but because the project was so located as to create danger to nearby residents in the inadequate approaches to the development from the greatly increased demands to be exerted on the existing approaches. These reasons are set forth in extensive detail in the resolution of the commission which denied approval to petitioner’s plan.
 

 The grounds may be summarized by saying that the roads through which petitioner would 1 ‘ channel traffic ’ ’ are very narrow and “inadequate” to accommodate “the additional traffic ’ ’ and in the absence of sidewalks will ‘ ‘ increase the hazards to young children ” going to school; that the Town of Oyster Bay advised the commission it is “not feasible” to widen the existing road system without destroying the character of existing residences.
 

 Finally, the commission found petitioner had created its own problem by purchasing the premises knowing it had no other access and it might have purchased additional land for that purpose from its grantor who had other access. The opinion at the Appellate Division concluded that the commission was without legal power to refuse approval on this ground. The determination
 
 ‘ ‘
 
 was erroneous * * * There is, however, no statutory provision * * * to require improvements on streets outside a subdivision map * * * the respondents clearly exceed their mandate ”. (35 A D 2d 211, 212.)
 

 
 *399
 
 But the commission is not limited, in disapproving a subdivision, to an intrinsic evaluation of the subdivision itself. It may consider, among other things, the “ safety ” and “general welfare ” of the county, including adjacent areas. Thus, as a matter of legal power, the commission acted within its jurisdiction. And if it was within its jurisdiction it is not easy to say that its action was arbitrary and without reasonable basis.
 

 The Appellate Division also concluded there was no “ substantial evidence ’ ’ to support the determination. But there was proof of danger and inconvenience to the adjacent property owners, and although there was proof the other way from the county’s Director of Traffic Engineering the accreditation of evidence was for the commission.
 

 Reasonable men might well feel that the dangers and difficulties imposed on the neighboring territory would balance against the intensive development sought by petitioner. Nor is the commission controlled by the expressed views of a county officer on the question of safety.
 

 The area is not in an airtight compartment and the commission was required to look at the whole county outside corporate limits
 
 (Matter of Wulfsolm
 
 v.
 
 Burden,
 
 241 N. Y. 288;
 
 Baddour
 
 V;
 
 City of Long Beach,
 
 279 N. Y. 167, 174;
 
 Matter of Levy
 
 v.
 
 Board of Stds. & Appeals,
 
 267 N. Y. 347).
 

 The order should be reversed and the determination of appellant commission confirmed, with costs.
 

 Chief Judge Fuld and Judges Burke, Scileppi, Breitel, Jasen and Gibson concur.
 

 Order reversed, with costs, and the determination of appellants reinstated.