■ In the Matter of MILDRED HOBBS et al., Appellants, v ANGELO A. ALBANESE et al., Constituting the Board of Trustees of the Village of Manlius, Respondents.—Judgment unanimously reversed, without costs, and

matter remitted to Board of Trustees of the Village of Manlius, for further proceedings in accordance with the following memorandum: Petitioners commenced this CPLR article 78 proceeding to compel respondents, the Board of Trustees of the Village of Manlius, to issue to them a special use permit allowing construction and operation of a McDonald's Drive-In Restaurant. Special Term denied the application and dismissed the petition. The property in question is zoned commercial and the proposed use is permitted in the district subject to the owners obtaining a special use permit. The ordinance provides for the issuance of special use permits if the following standards are met: "1. The proposed use will not be inconsistent with any provision of this ordinance, or with other ordinances of the Village of Manlius. 2. The proposed use will not create a hazard to public health, safety, morals, or the general welfare. 3. The use will not be detrimental to the neighborhood or to the residents thereof. 4. The use will not alter the essential character of the area. 5. The special use shall not conflict with any master plan, or part thereof, which has been adopted by the Village of Manlius. 6. No special use permit shall be issued for a special use for property where there is an existing violation of this ordinance." The village board of trustees denied the application, finding (1) that the proposed use would have an adverse impact on traffic congestion (2) that it would alter the essential character of the area and (3) that a previous application in 1967 for use of the premises as a gas station was denied. The last two reasons are without merit. The village board determined that the proposed use was consistent with the character of the area when it enacted the zoning ordinance which provided that drive-in restaurants are allowed in the district (see *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 244; *Mobil Oil Corp. v City of Syracuse,* 52 AD2d 731). The ordinance designates it as a permitted use subject to review and reasonable regulation under the special use clause of the ordinance *(Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead,* 43 NY2d 801). Denial of the prior application to erect a gas station is irrelevant and may not be used as a basis to deny petitioners' application. The remaining reason stated for denial was increased traffic congestion. We agree with Special Term that relying upon the "public health" clause of the ordinance the board could lawfully deny a special permit if it found that an increased traffic problem special to the proposed use was demonstrated. The evidence in the record, however, is not sufficient to establish that petitioners' proposed use would have a greater impact on the traffic in the area than would other permitted uses not subject to special permits (see *Matter of Pleasant Val. Home Constr. v Van Wagner,* 41 NY2d 1028; see, also, *Matter of Cove Pizza v Hirshon,* 61 AD2d 210; *Matter of Young Men's Christian Assn. of Greater N. Y. v Burns,* 13 AD2d 1009) and the matter is remitted to the village board for further proof regarding the traffic hazard, or for issuance of the permit. (Appeal from judgment of Onondaga Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.