■ In the Matter of GENESEE FARMS, INC., Respondent, v JOHN P. SCOPANO, SR., et al., Constituting the Zoning Board of Appeals of the Village of Oakfield, Appellants.—Judgment reversed, without costs, and matter remitted to the Zoning Board of Appeals of the Village of Oakfield for further proceedings in accordance with the following memorandum: In this CPLR article 78 proceeding respondents appeal from a judgment directing them, as the Zoning Board of Appeals of the Village of Oakfield, to grant petitioner a building permit for the construction of a self-service gasoline island to be operated on petitioner's premises in conjunction with its ongoing operation of a dairy goods store. The trial court found that the proposed use did not constitute a service station, as defined by the ordinance, and that the proposed use was an accessory use to the operation of the dairy goods store. We reject both conclusions. The village zoning ordinance defines "service station" and "accessory use" as follows: "SERVICE STATION [GAS STATION]: Any area of land including structures thereon, or any building or part thereof that is used for the sale of motor fuels or motor vehicle accessories and which may include facilities for lubrication, washing, or otherwise servicing motor vehicles, but not including body work, major repair, or painting thereof by any means. ACCESSORY USE: A use customarily incidental and subordinate to the principal use of building or land and located on the same lot with such principal use of building or land." Petitioner proposes to construct a three-pump gasoline island and to install

five underground 4,000-gallon gasoline storage tanks on the premises. There is no doubt that it is petitioner's intention to use the land "for the sale of motor fuels" and as such the proposed use constitutes a "service station" under the ordinance. Nor may it be said in these circumstances that the sale of gasoline is a use "customarily incidental and subordinate" to a principal use as a dairy goods store. Most zoning ordinances require special permits for service stations (see, generally, 1 Anderson, New York Zoning Law and Practice [2d ed], §§ 11.15-11.25), thus recognizing that the sale of gasoline, whether pumped from a traditional service station or from a relatively modern self-service gasoline island, is inherently different from the sale of other products. It is that difference which leads us to conclude that the sale of gasoline is wholly unrelated to the sale of dairy goods and thus may not be viewed as an accessory use of petitioner's property. Petitioner's right to a building permit, therefore, is dependent upon its entitlement to a variance, in the nature of an area variance, from the ordinance's spacing requirement of one thousand feet between service stations, and its entitlement to a special permit, upon application therefor to the village board of trustees. The record indicates that petitioner's application for a building permit was denied by the zoning enforcement officer. In seeking review before the zoning board of appeals, the petitioner claimed that the proposed use was an accessory use. The matter came before the zoning board of appeals at a meeting of July 12, 1978 and it appears from the sketchy minutes of that meeting that petitioner argued in the alternative for a zoning variance. Only two voting members of the board were at that meeting. The record also indicates that a joint meeting of the zoning board of appeals with the board of trustees was scheduled for July 25, 1978 but there is no disclosure of what transpired at that meeting or whether it was ever held. On July 31, 1978 the zoning board met again and voted on the matter. Petitioner received no notice of the two latter meetings. By letter to the petitioner, dated August 1, 1978, the zoning board advised that it had ruled that the gas island was a gas station, and not an accessory use, and would require a special permit. The letter concluded: "4. Granting of a variance would not be in harmony with the general purpose of the ordinance. 5. Granting a variance would be injurious to the neighborhood because of potential traffic safety problems for pedestrians and bicyclists, as well as increasing traffic congestion in parking lot and the street." Petitioner was never afforded an opportunity to appear before the full membership of the zoning board. On the sparse record before us it is impossible for this court· to determine "whether there is substantial evidence to support the determination reached by the zoning board in denying petitioner an area variance." (Matter of Fuhst v Foley, 45 NY2d 441, 445.) The reasons given for the denial are conclusory and unexplained. The matter should be remitted to the zoning board of appeals for a new hearing to be conducted with adherence to the criteria to be applied to applications for an area variance (see Matter of Fuhst v Foley, supra; Matter of Cowan v Kern, 41 NY2d 591; Matter of National Merritt v Weist, 41 NY2d 438; Matter of Wachsberger v Michalis, 19 Misc 2d 909, affd 18 AD2d 921). We also take note of petitioner's claim of unfair, prejudicial and discriminatory treatment by the zoning board. Since disclosure is the antidote to partiality and favor, we direct that a full record of fact finding and reasons for board action be made upon the new hearing so that in the event of any future judicial review the court will be enabled to make a final determination of the matter (People ex rel. Fordham Manor Ref. Church v Walsh, 244 NY 280; Matter of Larkin Co. v Schwab, 242 NY 330). It does not appear from

the record that petitioner applied for a special permit. Since the village board of trustees is not a party to this proceeding, there is no reason to comment upon the standards in the ordinance for granting a special permit. Upon an application therefor, however, the board should apply those standards in accordance with established judicial rules (see *Matter of Tandem Holding Corp. v Board of Zoning Appeals of Town of Hempstead,* 43 NY2d 801; *Matter of Hobbs v Albanese,* 70 AD2d 1049; *Matter of Mobil Oil Corp. v Oaks,* 55 AD2d 809). All concur, except Callahan, J., who dissents and votes to affirm the judgment, in the following memorandum.

Callahan, J. (dissenting). I respectfully dissent and vote to affirm. We cannot view this record blindly to see the petitioner's store as a gas station operation simply because gasoline is dispensed and ignore the modern trend in merchandising other consumer products. We must take judicial notice of the recent "stop and go" type stores which have self-service gas pumps incidental to selected convenient items, principally dairy products. There is sufficient proof in this record to substantiate the gasoline sales herein as an "accessory use" within the purview of the village ordinance. The majority take too restrictive a view of the "accessory use" provision, which must be interpreted flexibly to accommodate developing commercial practices *(Dellwood Dairy Co. v City of New Rochelle,* 7 NY2d 374). In my view, Special Term properly directed that the board of appeals issue a permit for the construction of a self-service gas island on the premises of petitioner Genesee Farms' convenience food dairy store located in a commercial zone. It is arbitrary and capricious to deny building permits when the contemplated use, not otherwise violative of the ordinance, is substantially the same as the zoned character of the neighborhood (see, e.g., *Cove Pizza v Hirshon,* 61 AD2d 210; *Fox v City of Buffalo Zoning Bd. of Appeals,* 60 AD2d 991). (Appeal from judgment of Genesee Supreme Court—art 78.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Witmer, JJ.