■ In the Matter of the Estate of ANGELINA LAURO, Deceased, et al., Respondents, v TOWN OF BROOKHAVEN et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination by the Zoning Board of Appeals of the Town of Brookhaven which, *inter alia,* denied petitioners' application for an area variance, the appeal is from an order of the Supreme

Court, Suffolk County (D'Amaro, J.), dated December 1, 1982, which denied appellants' motion to dismiss the proceeding as a matter of law. Leave to appeal is hereby granted by Justice Gulotta. Order reversed, on the law, without costs or disbursements, and appellants' motion to dismiss the proceeding granted. It is clear from the record that the relief petitioners are seeking may only be had by the granting of a *use* variance. Where such a use variance is sought, the applicant must show practical difficulties and unnecessary hardship (*Matter of Consolidated Edison Co. of N. Y. v Hoffman,* 43 NY2d 598, 607). To establish unnecessary hardship, the applicant must show " '(1) [that] the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality' " (*Matter of Village Bd. of Vil. of Fayetteville v Jarrold,* 53 NY2d 254, 257, quoting from *Matter of Otto v Steinhilber,* 282 NY 71, 76). As the record demonstrates, petitioners have never sought a use variance, much less alleged facts to establish the first two requirements of unnecessary hardship above stated. Accordingly, the proceeding should have been dismissed. Lazer, J. P., Mangano, Gulotta and Bracken, JJ., concur.