■ In the Matter of RICHARD E. CARLTON et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF BEDFORD et al., Respondents. — In a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of Bedford (zoning board), dated May 18, 1983, which granted respondents Assimakopoulos a variance, petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Donovan, J.), entered November 1, 1983, as dismissed that branch of the petition which challenged a variance insofar as it authorized construction of a caretaker's cottage.

Judgment reversed insofar as appealed from, on the law, with costs the aforenoted branch of the petition granted, determina-

tion with respect to the caretaker's cottage annulled, and application for a variance with respect to the caretaker's cottage denied.

The record reveals that an application was submitted for an area variance and that the zoning board granted a variance based upon the applicable criteria. However, with respect to the caretaker's cottage, the relief respondents Assimakopoulos are seeking may only be obtained by the granting of a use variance. Where a use variance is sought, the applicant must demonstrate "unnecessary hardship" by establishing (1) that the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality (*Matter of Village Bd. v Jarrold,* 53 NY2d 254, 257, quoting from *Matter of Otto v Steinhilber,* 282 NY 71, 76). The Assimakopouloses have never sought a use variance, and certainly have not alleged facts to establish the first requirement of unnecessary hardship.

Under these circumstances, the dissenter's proposal — affirmance of the area variance without prejudice to another proceeding concerning the necessity of a separate use variance — is inappropriate. First, a use variance is the primary requirement for the construction in issue. If the use is not permitted, an area variance is insufficient (*see, Matter of Wilcox v Zoning Bd. of Appeals,* 17 NY2d 249; *Matter of Hoffman v Harris,* 17 NY2d 138). Second, as the criteria for the granting of area and use variances are similar in some respects, judicial consistency and efficiency are best served by the resolution of both issues in a single proceeding. Finally, we note that, contrary to the view expressed in the dissent, the necessity of a use variance may be considered on appeal even though such issue was not raised before the zoning board (*accord, Matter of Lauro v Town of Brookhaven,* 94 AD2d 703). Matters apparent on the face of the record may be examined for the first time on appeal (*see, Brown v Heacock,* 9 How Prac 345).

Additionally, we find that Special Term erred in dismissing the instant proceeding on the ground of lack of jurisdiction. As both parties concede on appeal, the secretary of the zoning board was the proper person to receive service. Lazer, Thompson and O'Connor, JJ., concur.

Titone, J. P., dissents, and votes to affirm the judgment insofar as appealed from, with the following memorandum: The record before us indicates that application was made for an area

variance and that the Board of Zoning Appeals applied the appropriate criteria in issuing such a variance. Accordingly, the board's determination was properly sustained by Special Term (*see, Matter of National Merritt v Weist*, 41 NY2d 438).

While a use variance may be necessary under the 1983 ordinance, that issue was not raised before the zoning board and may not now be considered on judicial review by the courts (*see, Matter of Hopkins v Blum*, 58 NY2d 1011; *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d 588, 593; *Matter of Plaza Realty Investors v New York City Conciliation & Appeals Bd.*, 110 AD2d 704; *Matter of Celestial Food Corp. v New York State Liq. Auth.*, 99 AD2d 25, 27). Petitioners are free, of course, to litigate that issue in a separate plenary action (*see, Little Joseph Realty v Town of Babylon*, 41 NY2d 738, 743-744; *Dellwood Dairy Co. v City of New Rochelle*, 7 NY2d 374).