◼ In the Matter of EDWIN SWAN, Appellant, v FRANK DEPEW et al., Constituting the Town of Chautauqua Zoning Board, et al., Respondents.—Judgment unanimously reversed on the law without costs and matter remitted to respondent Town of Chautauqua Zoning Board for further proceedings, in accordance with the following memorandum: Petitioner acquired several lots within the Point Chautauqua subdivision in 1971. In December 1977, prior to the enactment of the town's zoning ordinance, petitioner sold lot 5.2 to himself. Petitioner's application, made in 1989, for a building permit was denied because it did not comply with the minimum area and setback requirements of the ordinance. He appealed to the Zoning Board of Appeals (ZBA), contending that his property was a "lot of record" and thus exempt from the minimum area and setback requirements of the zoning ordinance, and, if it was not a "lot of record", petitioner sought an area variance. The ZBA concluded that the subject property was not a "lot of record" and also denied the application for an area variance. Supreme Court confirmed that determination.

The ZBA correctly determined that the subject property was not an exempt "lot of record" within the meaning of section 15-01 of the Town Zoning Law. The small strip of land

adjacent to the subject lot was not a "lot of record", and thus, could not be considered as part of the subject property for the purpose of calculating whether the subject lot consisted of 15,000 square feet. Subdivision (b) of section 15-01 of the ordinance expressly requires that the substandard adjacent parcel be a lot "of record", and petitioner presented no evidence that this small strip satisfied the ordinance requirement that it be officially recorded as a separate lot.

The ZBA erred, however, in concluding that petitioner did not suffer an unnecessary hardship, or if he did, that the hardship was self-imposed. The unnecessary hardship standard does not apply to applications for an area variance. The appropriate standard, as set forth in the ordinance, is whether the applicant has practical difficulties in complying with the strict requirements of the ordinance *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Fulling v Palumbo,* 21 NY2d 30; 2 Anderson, New York Zoning Law and Practice § 23.33 *et seq.* [3d ed]). The ZBA further erred in concluding that petitioner did not suffer hardship because he had a purchase offer from an adjacent landowner *(see, Modular Homes Corp. v Combs,* 115 AD2d 527; *Matter of Plattner v Sacca,* 49 AD2d 602, 603, *appeal dismissed* 37 NY2d 806) and that his hardship was self-imposed. Petitioner owned a lot of record exempt from minimum area standards under the ordinance as originally enacted, and he could have constructed a residence thereon at that time. The need for a variance was created by subsequent amendments to the ordinance, not by any conduct of petitioner. An applicant's hardship is not self-imposed where the need for a variance is created by restrictive amendments to the zoning ordinance made subsequent to purchase of the property *(see, Modular Homes Corp. v Combs, supra; Matter of Mika Realty Corp. v Horn,* 19 AD2d 724).

The ZBA failed to set forth any factual findings that would enable this court to intelligently review the record to determine whether, under the proper legal principles, a denial of the variance was supported by substantial evidence *(see, Leibring v Planning Bd.,* 144 AD2d 903; 2 Anderson, *op. cit.,* § 25.32). Accordingly, we remit this matter to the ZBA for its proper consideration of the variance application and for detailed findings in support of that determination. Under the circumstances, we do not reach petitioner's contention that denial of the variance constituted an unconstitutional taking of the subject property. (Appeal from judgment of Supreme Court, Chautauqua County, Ricotta, J.—art 78.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.