■ In the Matter of MICHAEL RINGWOOD et al., Appellants, v EDWARD BROOKS et al., Respondents.—Judgment unanimously reversed on the law with costs and petition granted. Memorandum: In 1974, Steven Miller purchased a three-family dwelling located at 110 Moulter Street in the Village of

Manlius. In 1989, he covered a portion of the front yard with crushed stone in order to provide additional parking space for his tenants. After being informed that the stone in his front yard was in violation of the Code of the Village of Manlius, Miller filed an application for an area variance with respondent Board. Following a public hearing, Miller's request for a variance was granted. Petitioners commenced this proceeding challenging the determination of the Board. Supreme Court dismissed the petition. That was error.

An applicant for an area variance bears the burden of demonstrating that strict compliance with the zoning law will result in practical difficulties *(Matter of Fuhst v Foley,* 45 NY2d 441, 445; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314; *Matter of Swan v Depew,* 167 AD2d 835, 836). In order to demonstrate practical difficulties, an applicant must show "that strict enforcement of the ordinance will cause him a significant economic injury because, as a practical matter, it will not allow him to utilize his property" *(Sanzone v City of Rome,* 170 AD2d 977, 978, *lv dismissed* 77 NY2d 988).

In our view, Miller failed to demonstrate that strict compliance with the ordinance would result in practical difficulties. The record is devoid of evidence that Miller would suffer significant economic injury if the variance were denied or that it would be unfeasible for him to seek other alternatives, such as using an existing garage, to alleviate any parking problems *(see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139-140, *affd* 67 NY2d 702; *see also,* Code of Village of Manlius § 99-32B [2] [c]). Proof that the ordinance causes inconvenience to an applicant or that a more profitable use could be realized if the variance were granted is insufficient to justify the issuance of a variance *(Matter of Fuhst v Foley, supra,* at 447; *Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 140).

We have examined petitioners' remaining argument and find it to be without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Nicholson, J.—Article 78.) Present—Denman, P. J., Boomer, Boehm, Fallon and Davis, JJ.