◼ In the Matter of THOMAS SANFORD, Respondent, v RICHARD WHEARTY et al., Appellants. [628 NYS2d 349] —In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Beekman dated August 15, 1991, which denied the petitioner's request for unconditional sketch plan approval for a residential subdivision and to direct the Planning Board of the Town of Beekman to grant sketch plan approval, the appeal is from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated August 4, 1993, which granted the petition, annulled the determination, and directed the Planning Board of the Town of Beekman to grant sketch plan approval.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner Thomas Sanford is the owner of an 18.47-acre parcel of land located at the southeast corner of the intersection of Frog Hollow Road and New York State Route 216 in the Town of Beekman (hereinafter the Town). In March 1989, the petitioner applied to the Planning Board (hereinafter the Planning Board) for sketch plan approval of a proposal to subdivide his property into 15 residential lots *(see,* Town of Beekman Zoning Law § 44 [D], [E]). When the petitioner's proposal was presented to the Planning Board for its consideration, the Planning Board members expressed concern over whether Frog Hollow Road could safely bear the additional traffic which would be generated by the subdivision. In order to alleviate the Planning Board's concerns, the petitioner offered to donate land to the Town for the purpose of relocating Frog Hollow

Road three hundred feet to the west. Although neither the Town nor the State Department of Transportation had any present or future plans to fund the proposed relocation of Frog Hollow Road, the Planning Board, in effect, conditioned sketch plan approval upon resolution of the question of funding for this relocation. The Supreme Court subsequently granted the petitioner's application to annul the Planning Board's determination and to direct the Board to grant sketch plan approval, finding that the Planning Board had, in essence, impermissibly required the petitioner to pay for relocation of a public roadway outside of the proposed subdivision as a condition precedent to sketch plan approval. The court further concluded that the record did not support the Planning Board's determination that the additional traffic generated by the subdivision would pose a safety hazard.

On appeal, the Planning Board concedes that it may not require the petitioner to fund relocation of a roadway outside of the proposed subdivision, but argues that its decision to withhold unconditional sketch plan approval was supported by a rational basis because the proposed development would have an adverse effect upon traffic safety along Frog Hollow Road. We disagree. Although the Town may properly consider the impact of proposed development on adjacent property (see, Matter of Pearson Kent Corp. v Bear, 28 NY2d 396), the record lacks a rational basis to support the conclusion that ingress and egress of vehicles from the proposed subdivision would have a material impact upon traffic safety or that relocation of Frog Hollow Road is required in order to improve sight distances for approaching vehicles. To the contrary, uncontradicted evidence presented to the Planning Board indicates that prior accidents at the subject intersection were generally unrelated to limited sight distances and that, in any event, sight distances could be improved by removing an embankment on the southeast corner of the intersection.

Finally, contrary to the appellants' argument, under the circumstances of this case, we find that the denial of unconditional sketch plan approval constituted a final determination for purposes of judicial review (see, Town Law § 282; cf., Matter of Green v Brach, 63 Misc 2d 699). Miller, J. P., Ritter, Copertino and Krausman, JJ., concur.