In the Matter of SEPCO VENTURES, LTD., Appellant, v PLANNING BOARD OF THE TOWN OF WOODBURY, Respondent. [646 NYS2d 862] —In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Woodbury dated July 6, 1994, which, *inter alia,* required the petitioner to (1) make off-site improvements in public roads or pay a fee in lieu thereof, and (2) pay a fee in lieu of parkland dedication as conditions of subdivision approval, the petitioner appeals from a judgment of the Supreme Court, Orange County (Lange, J.), dated February 27, 1995, which denied the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the Planning Board of the Town of Woodbury for further proceedings in accordance herewith.

On or about August 25, 1987, the petitioner Sepco Ventures Ltd. (hereinafter Sepco) made an application to the Town of Woodbury Planning Board (hereinafter the Planning Board) for subdivision approval of a 125-acre tract of land it owned. Sepco proposed building 67 single-family homes in a cluster pattern ultimately leaving approximately 50% of the land as open space. Sepco conducted an extensive review pursuant to the State Environmental Quality Review Act (SEQRA) and was granted preliminary approval of the subdivision in May 1988.

The preliminary approval contained certain conditions, one of which required that two public roads outside the subdivision itself "be improved [by Sepco] prior to the issuance of building permits in accordance with standards to be established by the Town Board" or if the "Town road improvement program currently being discussed is not in place prior to final approval, the applicant shall post a bond for their *[sic]* fair share of improvements to be negotiated with the Town Board". Another condition required that Sepco "enter into a formal contract with the Town Board for the payment of $1,000 per lot for recreation purposes which contract shall be signed prior to final approval and which payments shall be made at the time of issuance of building permits".

Thereafter, Sepco received final subdivision approval. The conditions therein required that "[p]rior to the issuance of the 23rd residential building permit, the applicant shall improve Schunnemunk and Mountain Roads in accordance with standards to be established by the Town Board to the satisfaction of the Town engineer" and "if the Town road improvement program currently being discussed is not in place prior to the time of the issuance of the 23rd permit, then in lieu of improve-

ments, the applicant shall make a contribution to the Town for its fair share of such improvements, the amount of said contribution to be negotiated with the Town board". The final approval also required that Sepco "deliver a copy of the contract entered into with the Town Board regarding fees per lot for recreational purposes as required by this Board's earlier resolution of preliminary approval". During prior negotiations between Sepco and the Town, the Town indicated its intent to increase the recreation fee to $1,500 per lot.

Sepco then commenced this proceeding pursuant to CPLR article 78 on August 4, 1994, seeking to have the recreational user fees reduced or eliminated and the road work requirement either eliminated or restricted to on-site work. The Planning Board moved to dismiss the petition for failure to state a cause of action. The court denied the Planning Board's motion and dismissed the proceeding on the merits.

On appeal, Sepco contends that the Planning Board was without authority to require them to improve roads off-site and that the requirement, as expressed in the final resolution, was too vague, was arbitrary and capricious, and that the requirement to pay a per-lot fee for recreational purposes was beyond the Planning Board's authority and arbitrary. We agree.

Before the Planning Board may exercise its authority to impose a payment requirement in lieu of setting aside parkland or other property under Town Law § 277 (former [1]), it must make two determinations with respect to the proposed plat: (1) that a "proper case" exists for requiring the developer to show on the plat "a park or parks suitably located for playground or other recreational purposes", and (2) "that a suitable park or parks of adequate size cannot be properly located in any such plat or is otherwise not practical" (Town Law § 277 [former (1)]). Here, these findings were never made.

Contrary to Sepco's contention, the fact that the Planning Board has acceded to Sepco's request that it modify lot size requirements to permit a cluster subdivision, does not effect these parkland dedication requirements (see, Matter of Bayswater Realty & Capital Corp. v Planning Bd., 76 NY2d 460). "If, despite the contribution of the open spaces created through the clustering process, the Planning Board finds that additional recreational land is still needed, the town is not precluded * * * from requiring, pursuant to section 277 (1), that the developer provide additional land or pay a fee in lieu thereof" (Matter of Bayswater Realty & Capital Corp. v Planning Bd., supra, at 471). However, the Court of Appeals has held that " '[t]here is, * * * no statutory provision * * * to require

improvements on streets outside a subdivision map' " *(Matter of Pearson Kent Corp. v Bear,* 28 NY2d 396, 398, quoting *Matter of Pearson Kent Corp. v Bear,* 35 AD2d 211, 212). A Planning Board or Commission may properly consider the impact of a proposed development on the surrounding roads and the impact on traffic patterns as it relates to "safety" and the "general welfare" *(Matter of Pearson Kent Corp. v Bear,* 28 NY2d 396, 399, *supra).* While the Planning Board may consider off-site impacts *(see, Matter of Pearson Kent Corp. v Bear,* 28 NY2d 396, *supra)* and may condition approval on plan modifications *(see, Matter of Janiak v Planning Bd.,* 159 AD2d 574; *Matter of Ozols v Henley,* 81 AD2d 670) such conditions may not include off-site improvements of the public roads *(see, Matter of Sanford v Whearty,* 216 AD2d 399; *Matter of Oakwood Co. v Planning Bd.,* 89 AD2d 606; *Valmont Homes v Town of Huntington,* 89 Misc 2d 702; *Matter of Medine v Burns,* 29 Misc 2d 890).

Accordingly, the judgment is reversed, the petition is granted, the determination is annulled, and the matter is remitted to the Planning Board for further proceedings in accordance with this decision. O'Brien, J. P., Thompson, Altman and Krausman, JJ., concur.