■ In the Matter of CHRISTOPHER GRAHAM, Appellant. TOWN OF TULLY PLANNING BOARD, Respondent. [654 NYS2d 542] —Judgment unanimously reversed on the law without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: Respondent granted preliminary approval for 10 of 25 lots within petitioner's proposed subdivision, but made approval of the remaining lots "contingent upon a second access for those lots to a public highway other than the proposed access" on Gatehouse Road. Petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination conditioning the approval of lots 11 through 25 upon a second access road. Supreme Court dismissed the petition. We reverse.

A court will not set aside a planning board's determination to approve or disapprove a subdivision if it is rational and supported by substantial evidence (*Matter of M & M Partnership v Sweenor*, 210 AD2d 575, 576). A planning board may properly consider the impact of a proposed development on surrounding roads and the impact on traffic patterns as they relate to the Town's safety and general welfare (*Matter of Pearson Kent Corp. v Bear*, 28 NY2d 396, 399; *see*, Town Law § 276 [1]). Although a planning board may consider the impact on traffic patterns and deny approval of the subdivision or condition approval on site plan modifications (*see, Matter of Sepco Ventures v Planning Bd.*, 230 AD2d 913; *Matter of Janiak v Planning Bd.*, 159 AD2d 574, *lv denied* 76 NY2d 707), such condition or denial of the subdivision "must be premised on clear findings of deleterious changes that adversely affect the adjoining area" (*Matter of Van Euclid Co. v Sargent*, 97 AD2d 913, 915; *see, Matter of Sanford v Whearty*, 216 AD2d 399, 400; *Matter of Eastern N. Y. Props. v Cavaliere*, 142 AD2d 644, 646).

Here, respondent failed to make findings supporting its determination that development of lots 1 through 10 was acceptable but that, absent a second access, development of lots 11 through 25 was unacceptable. The absence of such findings and the inadequacy of the evidence in the record to support respondent's determination requires vacatur of that determination and remittal of the matter to respondent for a hearing, proper findings and a new determination (*see, Matter of Genesee Farms v Scopano*, 77 AD2d 784, 785; *Matter of Hobbs v Albanese*, 70 AD2d 1049, 1050; *Matter of Parmadale Dev. v Planning Bd.*, 35 AD2d 904; *see also, Matter of Swan v Depew*, 167

AD2d 835, 836; *Matter of Van Euclid Co. v Sargent, supra*, at 915; *see generally*, 2 Anderson, New York Zoning Law and Practice § 26.20 [3d ed]). (Appeal from Judgment of Supreme Court, Onondaga County, Major, J.—CPLR art 78.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.