■ LONG CLOVE, LLC, Appellant, v TOWN OF WOODBURY, Respondent. [755 NYS2d 666] —In an action, inter alia, for a judgment declaring certain provisions of the Code of the Town of Woodbury unconstitutional, the plaintiff appeals from an order of the Supreme Court, Orange County (Owen, J.), dated July 2, 2002, which denied its motion for summary judgment in its favor on its cause of action to declare Local Law No. 2 of 1989 of the Town of Woodbury unconstitutional as applied.

Ordered that the order is affirmed, with costs.

The plaintiff owns a clustered residential subdivision of 82 units in the Town of Woodbury. Local Law No. 2 of 1989 of the Town of Woodbury (hereinafter Local Law No. 2) authorized the exaction of a $1,500 per lot parkland fee from the plaintiff in lieu of donating parkland to the Town.

After the plaintiff established its entitlement to summary judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]), the burden shifted to the Town to establish a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). In opposition to the plaintiff's motion, the Town sufficiently raised a question of fact as to whether the fee satisfied the "rough proportionality" test of *Dolan v City of Tigard* (512 US 374 [1994]) (*see* Town Law § 277; *Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro,* 76 NY2d 460, 470-471 [1990]; *cf. Matter of Sepco Ventures v Planning Bd. of Town of Woodbury,* 230 AD2d 913, 914 [1996]).

Accordingly, the Supreme Court correctly determined that

the plaintiff was not entitled to summary judgment declaring Local Law No. 2 unconstitutional as applied. Florio, J.P., Crane, Cozier and Rivera, JJ., concur.