■ In the Matter of DONNA M. DORAN, Respondent, v JAMES A. LEWIS et al., Constituting Zoning Board of Appeals of City of Buffalo, Appellants, and CHARLES G. DUFFY, III, et al., Intervenors-Appellants. [764 NYS2d 899] —Appeals from a judgment (denominated order) of Supreme Court, Erie County (Fahey, J.), entered May 28, 2002, which granted the petition and annulled a determination of the Zoning Board of Appeals of the City of Buffalo.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination denying her application for a variance and a building permit. Supreme Court erred in determining that petitioner is required to obtain only an area variance rather than a use variance. Petitioner sought

the building permit and variance in order to raze an existing three-car garage and build a new garage with an apartment over it, including a kitchen. The height of the proposed building is approximately 27 feet, more than twice the height permitted under the City of Buffalo's zoning ordinance (*see* Code of City of Buffalo § 511-87 [A]). Moreover, in the residential area in which the property is located, a detached structure that provides separate living quarters may not include a kitchen (§ 511-8 [E] [1]). Because a separate detached residence with a kitchen is not a permitted use, a use variance, rather than an area variance, is required (*see Matter of Carlton v Zoning Bd. of Appeals of Town of Bedford,* 111 AD2d 169, 170 [1985]; *see also Matter of Sullivan v Duffy,* 283 AD2d 583 [2001]).

Contrary to the contention of petitioner, the determination denying her application for a use variance is not illegal, arbitrary or capricious or an abuse of discretion (*see Matter of Merritt v Duffy,* 288 AD2d 476, 476 [2001]). In order to establish her entitlement to a use variance, petitioner was required to establish that: "(1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality" (*Matter of Village Bd. of Vil. of Fayetteville v Jarrold,* 53 NY2d 254, 257 [1981]). Here, petitioner established only that she wishes to convert the garage for her own convenience and that of her sister, and thus respondents properly determined that there is no undue hardship if the variance is denied. In addition, petitioner's neighbors presented legitimate complaints with respect to the negative impact the proposed building would have on their enjoyment of their own properties. We therefore reverse the judgment and dismiss the petition. Present—Hurlbutt, J.P., Gorski, Lawton and Hayes, JJ.