*511 In a hybrid proceeding pursuant to CPLR article 78 and an action for a judgment declaring, inter alia, Resolution No. 2001-529 of the Town Board of the Town of Ramapo void, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Kelly, J.), dated September 19, 2002, which granted the separate motions of the Town of Ramapo, Christopher R St. Lawrence, Edward Friedman, Frances M. Hunter, Harry Reiss, David Stein, and Jo Anne Soules, and the respondent Fountainview at College Road, Inc., to dismiss the petition.
Ordered that the judgment is modified, on the law, by adding a provision thereto declaring that Resolution No. 2001-529 of the Town Board of the Town of Ramapo is legal and valid; as so modified, the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The resolution adopted by the Town Board of the Town of Ramapo, which settled certain litigation between the Town of Ramapo and Fountainview at College Road, Inc., was specifically authorized by Town Law § 68 (4). Therefore, the Supreme Court correctly declined to declare that the resolution and the stipulation of settlement were invalid (see Matter of Nassau Shores Civic Assn. v Colby, 118 AD2d 782 [1986]), and properly granted the motions to dismiss the petition. However, since the petitioners requested a declaratory judgment, the judgment should be modified by adding a declaration that the resolution is legal and valid (see Lanza v Wagner, 11 NY2d 317 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]).
The petitioners’ remaining contentions are without merit. Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.