■ In the Matter of PEDRO L. RIVERA, Respondent, v MARCIA QUINONES-RIVERA, Appellant. [790 NYS2d 209]—

In a family offense proceeding pursuant to Family Court Act article 8, Marcia Quinones-Rivera appeals from (1) an order of protection of the Family Court, Queens County (Heffernan, J.), dated March 12, 2004, which, after a hearing, inter alia, directed her to stay away from the petitioner and his home, and (2) an order of disposition of the same court, also dated March 12, 2004, which, after a hearing, inter alia, found that she was in contempt of the order of protection and placed her on probation under the supervision of the Probation Department of Queens County for a period of 12 months.

Ordered that the order of protection is affirmed, without costs or disbursements; and it is further,

Ordered that the order of disposition is reversed, on the law, without costs or disbursements, and the supplemental petition is dismissed.

Whether the appellant committed a cognizable family offense was a disputed factual issue for the court to resolve, and the determination of the Family Court, as the trier of fact, regarding credibility of the witnesses is entitled to great weight (*see Matter of Bongiorno v Bongiorno,* 1 AD3d 511 [2003]; *Matter of Cutrone v Cutrone,* 225 AD2d 767, 768 [1996]). Contrary to the appellant's contention, the record supports the Family Court's determination that, based on a fair preponderance of the credible evidence, she committed a family offense, warranting the issuance of the order of protection (*see Matter of Clarke v Clarke,* 8 AD3d 375 [2004]; *Matter of Malfetano v Parker,* 7 AD3d 715 [2004]).

To sustain the determination that the appellant was in contempt of the order of protection, however, proof was necessary that the appellant was aware of the content of the order prior to the alleged violation (*see Matter of McCormick v Axelrod,* 59 NY2d 574, 583 [1983]; *Kawar v Kawar,* 231 AD2d 681, 682 [1996]; *Graham v Graham,* 152 AD2d 653, 654-655 [1989]). Here, the only evidence that the appellant knew of the order of protection was the testimony of the petitioner's social worker that at the time of the alleged violation, she observed the appellant in the parking lot of the petitioner's residence and advised her that she was prohibited by an order of protection from being near the petitioner or his home. This evidence was insufficient to establish the requisite knowledge of the order on the part of the appellant prior to the alleged violation. Goldstein, J.P., Luciano, Crane and Spolzino, JJ., concur.