■ In the Matter of Deneene Washington, Appellant, v Vic Washington, Respondent. [820 NYS2d 812]—In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (S. Modica, J.), dated October 19, 2005, which, after a hearing, dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

The determination as to whether a respondent has committed acts constituting a cognizable family offense (see Family Ct Act § 832) is a factual issue for the Family Court to resolve (see Matter of King v Flowers, 13 AD3d 629 [2004]), and that determination is entitled to great weight on appeal unless clearly unsupported by the record (see Matter of Bongiorno v Bongiorno, 1 AD3d 511 [2003]). Here, the Family Court properly dismissed the petition upon finding that the petitioner failed to establish by a preponderance of the evidence that the respondent committed such acts upon determining that the respondent's use of physical force against the petitioner was justified (see Penal Law § 35.15). We find no basis to disturb that determination. Miller, J.P., Luciano, Rivera and Spolzino, JJ., concur.

■ In the Matter of Yacht Club Condominium et al., Appellants, v Board of Appeals of the Town of Hempstead et al., Respondents. [820 NYS2d 812]—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Town of Hempstead dated June 2, 2004, which, after a hearing, granted the petitioner's application for a special exception permit and area variances, the appeal is from a judgment of the Supreme Court, Nassau County (Bucaria, J.), dated April 4, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The determination of the Board of Appeals of the Town of Hempstead to grant the petitioner's application for a special use permit to construct and operate a "family entertainment center" or amusement park was not illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 771 [2005], appeal dismissed 6 NY3d 890 [2006]). The petitioner satisfied the criteria set forth in the applicable zoning law (see Matter of Juda Constr., Ltd. v Spencer, 21 AD3d 898 [2005]).

The appellant's remaining contentions are without merit. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.