Matter of Yorktown Smart Growth v Town of Yorktown (2019 NY Slip Op 00447)





Matter of Yorktown Smart Growth v Town of Yorktown


2019 NY Slip Op 00447


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-01971
2017-02861
 (Index No. 1880/15)

[*1]In the Matter of Yorktown Smart Growth, et al., appellants, 
v
Town of Yorktown, et al., respondents.


James Bacon, New Paltz, NY, for appellants.
Michael J. McDermott, Town Attorney, Yorktown Heights, NY, for respondents Town of Yorktown, Town Board of Yorktown, and Planning Board of Yorktown, and Zarin & Steinmetz, White Plains, NY (David S. Steinmetz and Jody T. Cross of counsel), for respondents UB Yorktown, LLC, Realty Income Pennsylvania Properties Trust 2, and BJ's Wholesale Club, Inc. (one brief filed).



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town Board of Yorktown to grant a special use permit to the respondent/defendant BJ's Wholesale Club, Inc., and action, inter alia, for declaratory relief, the petitioners/plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Gretchen Walsh, J.), dated January 9, 2017, and (2) a judgment of the same court dated February 6, 2017. The order, insofar as appealed from, granted that branch of the respondents/defendants' motion which was to dismiss the petition. The judgment, insofar as appealed from, upon the order, denied the petition, and dismissed the proceeding.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In 2015, the petitioners/plaintiffs commenced the instant hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town Board of Yorktown to grant a special use permit to the respondent/defendant BJ's Wholesale Club, Inc., and action, inter alia, for declaratory relief. Following commencement of the proceeding/action, the respondents/defendants moved to dismiss the petition/complaint. The Supreme Court, inter alia, granted that branch of the respondents/defendants' motion which was to dismiss the petition, denied the petition, and dismissed the proceeding. The petitioners/plaintiffs appeal.
The appeal from so much of the intermediate order as granted that branch of the motion of the respondents/defendants which was to dismiss the petition must be dismissed because no appeal lies as of right from an intermediate order entered in a proceeding pursuant to CPLR article 78 (see CPLR 5701[b][1]), and we decline to grant leave to appeal in light of the entry of a final [*2]judgment in this matter. The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
Judicial review of a determination granting an application for a special use permit is limited to ascertaining whether the challenged action was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Carnelian Farms, LLC v Leventhal, 151 AD3d 844, 845; Matter of Sea Cliff Equities, LLC v Board of Zoning Appeals of Inc. Vil. of Sea Cliff, 106 AD3d 923, 924; Matter of Yacht Club Condominium v Board of Appeals of Town of Hempstead, 32 AD3d 964; Matter of Residents for Future of Briarcliff Manor v Village of Briarcliff Manor Bd. of Trustees, 239 AD2d 350, 352). Here, the determination to grant the application for a special use permit was not illegal, arbitrary and capricious, or an abuse of discretion (see Town of Yorktown Code § 300-21[C][12][b][5]; Matter of Sunrise Plaza Assoc. v Town Bd. of Town of Babylon, 250 AD2d 690, 694; Matter of Genesee Farms v Scopano, 77 AD2d 784). Accordingly, we agree with the Supreme Court's determination denying the petition and dismissing the proceeding.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court